Nash, J.
 

 This is an action on the case fot slander, in charging the plaintiff with committing the crime of perjury. The defendant relied on the plea of justification. His honor erred “ in charging the jury there had been no complete legal arrest.” Whether there had been or not, depended, in this case, upon the intention of the parties in the transaction. To constitute a legal arrest, it is not necessary that the officer should touch the person of the individual against whom the precept has issued. It is sufficient, if, upon being in his presence, he tells him he has such a precept against him, and the person says “ I submit to your authority,” or uses language expressive of such submission. But it is not every touching of the person, that will constitute an arrest. It must be a touching with such an intent. As for instance, an officer has a
 
 ca. sa.
 
 against a defendant, whom he meets in company, and goes
 
 *449
 
 up and shakes hands with him, without apprising him that he has such a precept — this would not amount to an arrest, unless so intended and understood by the parties. So if the officer meets the defendant in a public company or on the high way, and notifies him of his having the precept, and directs him to meet him at some particular place, this might be an arrest or not, as the parties intended. Now, in the case before us, Clark, when informed by the present plaintiff that he had the precept against him, said not one word, as far as appears, nor did the officer tell him that he arrested him, or that he served the process on him, but simply informed him of the fact of his having the
 
 ca. sa.,
 
 and directed him to come on to Brown’s and arrange it. Clark did go on to Brown’s, but with what intention ? Again as to Brown, when the officer got to his house, he was informed for what purpose he was there, and, upon being asked where Clark was, he replied, “ he had been up to fetch him down and that he would be there in a minute or two, and said I must arrest you too,” touching him on the shoulder. Brown asked to see his papers, and after an examination and discovery of a flaw in the proceedings, as both he and the plaintiff supposed, nothing more was done. Now the latter was all one continuing transaction, and what was the intention of the parties gave character and effect to the whole. 36 vol. Law Lib. 111. It is no answer to say, that when the plaintiff touched Brown on the shoulder, as he did, that he must have intended to arrest him. That is a
 
 pelitio principii,
 
 and the very statement of the proposition shows the error in the charge, for whenever a transaction takes its character from the intent, with which it is done, it must be left to.the jury, as a matter of fact, to ascertain the intent. Whether therefore there was an actual arrest by the plaintiff of Brown, and Clark ought to have been submitted to the
 
 *450
 
 jury. For this error the judgment is reversed, and a
 
 ve-nire de novo awarded.
 

 Per Curiam. Judgment accordingly.