Nash, C. J.
 

 A single question is presented by this case: Did his Honor err in his instructions to the j ury ? The defendant was sued for the acts of a constable, and there had been put into his hands, by the defendant, a paper writing signed by a magistrate, purporting to be a warrant against tho plaintiff. He went to her house, and without getting off
 
 *167
 
 bis horse, or going into tbe yard, told her be bad a warrant against her. She replied that she expected such a thing. He then directed her when and where to attend the trial, which she promised to do, and did. His Honor instructed the jury this was no arrest. In this there is error. An arrest is simply taking tbe body of-an individual by an officer, under legal process ; but it has been decided that, to constitute an arrest, it is not necessary for the officer to touch the person. It is sufficient if, being in his presence, he tells him he has such a precept, and the person says, “ I submit to your authority.” So, if .the officer does touch the individual, it may, or may" not, amount to an arrest, according to the intention with which it is done. 'Where a transaction takes its character from the intention of the parties, this intent is a matter of fact to bo submitted to the jury. Here there was no touching; the whole transaction was of an equivocal character, depending on the intent of the parties, and ought to have been submitted to the jury with proper instructions.
 
 Jones
 
 v. Jones, 13 Ire. Rep. 418.
 

 It was said in the argument, that the officer’s return was
 
 prima fade
 
 evidence that he had made the arrest. Be that as-it may, it us not important in the view we have taken of the case before us. In
 
 Bland
 
 v. Whitfield, 1 Jones’ Rep. 123, the same defense was made as to a sheriff’s return upon an execution levied upon property ; the Court say the return upon the execution is
 
 prima faeie
 
 evideuce in the proceedings of which it forms a part; whether it is also
 
 prima faeie
 
 evidence in 'another and a different proceeding or action, may well “ be questioned.”
 

 Again, it is said,
 
 “
 
 supposing the return to
 
 be prima facie
 
 evidence that a levy was made, it remains an open question whether the officer did, or did not, lay hands on the property, &c.” In this case, the return made by the officer is ‘ executed.’ If the paper writing, under which the officer acted, had been a legal precept, still the return would have left the question an open one as to whether the 'officer had actually taken the body of the defendant mentioned in the precept, or whether
 
 *168
 
 tbe circumstances disclosed were
 
 intended
 
 by tbe parties as an arrest. We bave seen that, in tbe latter case, tbe efficiency of the act was a question of fact for tbe jury. But bis Honor took the whole case from the jury, and considering it a question purely of law, charged that no arrest was proved. What is an arrest, is a question of law. Whether there has been an arrest, under particular circumstances, depending on the intent, is a question of fact. See
 
 Jones
 
 v. Jones, supra— same case, 1 Jones’Rep. 491. There is error. The judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cueiam. Judgment reversed.