THE STATE ex rel. L. C. LAWRENCE v. W. T. BUXTON et al.

*Arrest, What Constitutes—False Return by Sheriff.*

1. The term "arrest" has a technical meaning, applicable in legal proceedings. It implies that a person is thereby restrained of his liberty by some officer or agent of the law, armed with lawful process, authorizing and requiring the arrest to be made.

2. To constitute an arrest, the person of the party to be arrested must be seized, or be brought within the control of the officer, with power to seize, if necessary; or the person against whom an order of arrest is directed must submit to the control of the officer, and consent to be subject to him. No actual seizure of the person is *essential*, but if there is no seizure the officer must intend to make the arrest and have present power to control the party arrested.

3. A sheriff, having in hand an order of arrest against B., told B. that he "had better come and go with him to Jackson, and fix the matter there;" B. refused to go with him, and the Sheriff left, without taking any further action: *Held*, that what passed did not constitute an arrest of B., and the Sheriff was not liable for a false return, in that he returned on the order of arrest, "not served."

CIVIL ACTION, tried before *MacRae, J.,* at Fall Term, 1888, of HERTFORD Superior Court.

Plaintiff appealed.

In an action between the relator and one Baugham, he obtained an order for the arrest of the defendant therein, which was placed in the hands of the present defendant, who was Sheriff, to be executed by him, and he was legally charged to execute the same, and he made return thereof as follows:

"This order came to hand by mail, August 29, 1884. No fee paid or tendered.

" W. T. BUXTON, *Sheriff.*"

" I return this writ not served.

" W. T. BUXTON,
"*Sheriff Northampton County.*"

102—9

The relator, alleging that this return was false, brought this action to recover from the defendant the penalty of $500, allowed by the statute (*The Code*, § 2079), as against sheriffs for false returns of process in their hands. The defendant denied the alleged false return

On the trial, the defendant produced evidence tending to show that A. A. Spivey, a deputy of the defendant, to whom the defendant delivered the order of arrest to be executed, went to the house of Baugham to execute the same; that he saw Baugham, and, after reading to him the summons, told Baugham that he had an order for his arrest in the cause; that Baugham told the deputy that there was no need to arrest him for that amount of money; to leave the bond with him, and he would fix it up; that the Deputy Sheriff said at first he could not do it, and that Baugham had better come and go with him to Jackson and fix the matter there; that Baugham said he was too sick to go to Jackson; that he could raise the amount of money, or give security, at any time, and to leave the bond with him and he would go down and see Judge Barnes, the attorney of plaintiff Lawrence, the next day, and compromise it, and if he failed he would see the Jenkins boys and fix it up; that the deputy went back to Jackson and told the Sheriff about it, and the Sheriff sent him back after Baugham the next day, but Baugham had left. Thereafter the aforesaid return was made.

The plaintiff insisted that the foregoing was evidence sufficient to show, if believed, that the Sheriff had in fact executed the order of arrest, and that so much of said return as said, " I return this writ not served," was false.

The Court having intimated an opinion against the plaintiff, he submitted to a nonsuit, and appealed.

*Mr. B. B. Winborne*, for the plaintiff.
*Mr. R. B. Peebles*, for the defendant.

MERRIMON, J. (after stating the case). The plaintiff contends that the return, " I return this writ not served," of the order of arrest mentioned, was false, in that the defendant, as Sheriff, before the making thereof, had, in fact and contemplation of law, " served "—executed—the order according to the exigency thereof, through and by his deputy. The Court below, accepting the evidence produced by the plaintiff as true, was of opinion that the return was not false, and we concur in that opinion.

The term " arrest " has a technical meaning, applicable in legal proceedings. It implies that a person is thereby restrained of his liberty by some officer or agent of the law, armed with lawful process, authorizing and requiring the arrest to be made. It is intended to serve, and does serve, the end of bringing the person arrested personally within the custody and control of the law, for the purpose specified in, or contemplated by, the process through and by the officer or agent charged with its execution. The certain and most unequivocal method of making an arrest is by the actual seizure of the person to be arrested, but this is not essential; it is sufficient, if such person be within the control of the officer with power of actual seizure, if necessary. The officer need not touch the person of such party to make the arrest effectual, but he must have and intend to have control of the party's person. This seems to be necessary to constitute a valid arrest. If the officer has process, and intends presently to execute it, and the person against whom it is directed recognizes it and submits to the control of the officer, this would be a sufficient arrest, because thus the officer would get the custody and control of the person of the party. But if there is no actual seizure of the person, the officer must intend to make the arrest and have present power to control the party arrested. Thus, if the officer go into a room and tell the person therein to be arrested, that he arrests him, and locks the door, this has been held to be an arrest.

If, however, the officer has present power, and intends to make the arrest, and the party to be arrested submits to his arrest—consents to be subject to the officer—this is sufficient. Every touching of the party to be arrested, by the officer having process, is not necessarily an arrest. Thus, if the officer meet the party against whom he has process, and they shake hands, nothing being said of the process, nor is it said that an arrest is intended, this would not constitute an arrest, because the officer and the party did not so intend. But if the officer and the party to be arrested meet, and the former notifies the latter that he has process requiring his arrest, and the officer directs the latter to meet him at a particular place and time, this would be a sufficient arrest, if the officer and the party so agreed and intended.

This is so, because the officer intended to make the arrest, and the party consented to be in his custody and within his control. *Jones* v. *Jones*, 13 Ired., 448; *Baldwin* v. *Murphy*, 82 Ill., 485; *Bissell* v. *Gold*, 19 Am. Dec., 485, and notes; *Hawkins* v. *Commonwealth*, 71 Am. Dec., 151, and notes; Murf. on Sheriffs, §§ 144, 147; Burrill's Law Dic., word "Arrest."

Now, it seems to us that in no reasonable view of all the evidence produced on the trial did it tend to prove an arrest made by the defendant as contended by the appellant. The most that can be said is, that the deputy of the defendant, as Sheriff, and the party against whom the order of arrest was directed, talked of the order. The deputy did not seize or touch, or have, or attempt to have, within his control, in any way, the party named in the order of arrest. The deputy did not make, or declare his intention to make, an arrest, nor did the party to be arrested submit, or promise to submit, to the deputy's control.

As we have said above, it was not sufficient for the deputy to make known that he had process—he must have intended to execute it, and have done so by a seizure of the party subject to be arrested, or by having him in his control in some

way ; or such party must have submitted to the arrest and consented to be in his custody and control. The mere suggestion of the deputy that the party to be arrested " had better come and go with him to Jackson and fix the matter there," was not sufficient evidence of an arrest, especially as such party refused to go. Indeed, the evidence went to show that there was no arrest made, and that none was intended. The insufficient return was, therefore, true, and the defendant did not incur the penalty as alleged by the plaintiff.

Judgment affirmed.