## J. HARVEY STANCILL v. J. D. UNDERWOOD.

(Filed 29 October, 1924.)

**1. Criminal Law—Statutes—Courts—Justices of the Peace—Jurisdiction.**

In order for a lawful arrest of one charged with a criminal offense in a different county from the one in which the warrant was issued by a justice of the peace, it is required by C. S., 4526, that a justice of the peace within the county wherein the arrest was to be made, endorse the warrant upon the proof of the handwriting of the justice issuing it, etc.

**2. Same—False Arrest—Evidence.**

It is not required to constitute an arrest that the officer making it touch the defendant or take him physically; and it is sufficient if the defendant is aware of the warrant in the hands of the officer and submits under it, and upon evidence thereof in an action for damages for false arrest, an issue is raised for the determination of the jury.

**3. Same—Malicious Prosecution—Evidence—Questions for Jury.**

The legal definition of malice in an action for damages for malicious prosecution is a wrongful act intentionally done, not necessarily ill-will, anger or revenge, in the prosecution of a criminal action for any purpose other than that of bringing the offender to justice; and where upon the warrant of arrest there is a written statement that upon paying a money demand the warrant is not to be executed, it is sufficient evidence for the determination of the jury in an action for malicious prosecution.

APPEAL by the plaintiff from *Cranmer, J.,* at May Term, 1924, of ALAMANCE.

Action for false arrest and malicious prosecution. At the close of the plaintiff's evidence, the action was dismissed as in case of nonsuit.

The evidence considered favorably for the plaintiff tended to show the following facts: In 1920 the plaintiff was engaged in business in Selma under the name of "The Carolina Pharmacy." He had an account with the First National Bank of Selma and on 20 November, 1920, signed a check on said bank for $18 payable to the order of Cotter-Underwood Company, of which defendant was general manager. At the time the check was drawn the plaintiff had money in the bank to meet it. It was endorsed by the payees and was returned by the bank unpaid on account of insufficient funds. The plaintiff heard in January, 1921, that the check had not been paid. In that month he made an assignment for the benefit of creditors.

In July, 1921, the plaintiff bought the business of the City Drug Company in Burlington. Afterwards R. D. Bain, chief of police, went to the drug store and told the plaintiff he had a warrant for him. The result of this meeting as testified to by the plaintiff is stated in the opinion.

The warrant was issued by a justice of the peace of Johnston County upon an affidavit made by the defendant and was addressed "To any lawful officer of Johnston County." It was not endorsed by a justice of the peace in Alamance; but written upon it were the words "If defendant wishes to pay the bill and all costs, accept and send to me." (D. T. Lunceford), and the following return signed by R. D. Bain, chief of police in Burlington: "Received 15 December, 1921, executed 16 December, 1921, by collecting all the required amount."

At the December Term, 1921, of the Superior Court of Johnston a bill of indictment was duly found and returned, charging the plaintiff with false pretense, but a *nol. pros.* was entered and the prosecution was not pursued. The defendant was the only witness examined by the grand jury; but he had no conference with the solicitor in regard to sending the bill.

After he was arrested the plaintiff's business decreased 50 per cent and he suffered other losses.

The present action was brought on 2 September, 1922, after the *nol. pros.* had been taken.

*Carroll & Carroll for plaintiff.*
*E. S. Abell and Parker & Long for defendant.*

ADAMS, J. It is provided by statute that if the person against whom any warrant is issued by a justice of the peace shall be in a county beyond the jurisdiction of such justice it shall be the duty of any justice of the peace within the county where the offender shall be, upon proof of the handwriting of the magistrate issuing the warrant, to endorse his name on the same; and thereupon the officer to whom the warrant is directed may arrest the offender in that county. C. S., 4526.

On 10 December, 1921, the defendant caused a warrant to be issued in Johnston County, charging the plaintiff with unlawfully obtaining goods and merchandise by means of a worthless check. C. S., 4283. The warrant was addressed to any lawful officer of Johnston County, and was forwarded to R. D. Bain, chief of police, in Burlington, Alamance County, where the plaintiff was then engaged in business; but it was not given extraterritorial efficacy by the endorsement of a justice of the peace or other authorized officer in the latter county. *S. v. James,* 80 N. C., 370. Indeed, the defendant admitted in the course of the trial that the warrant without the required endorsement was void in Alamance, and this admission was duly entered of record.

An arrest consists in taking custody of another person under real or assumed authority for the purpose of detaining him to answer a criminal

charge or civil demand. The application of actual force or visible physical restraint is not essential. "To constitute a legal arrest it is not necessary that the officer should touch the person of the individual against whom the precept has issued. It is sufficient if, upon being in his presence, he tells him he has such a precept against him and the person says, 'I submit to your authority,' or uses language expressive of such submission." *Jones v. Jones,* 35 N. C., 448. In *Lawrence v. Buxton,* 102 N. C., 129, it is said: "The certain and most unequivocal method of making an arrest is by the actual seizure of the person to be arrested, but this is not essential; it is sufficient, if such person be within the control of the officer with power of actual seizure, if necessary. The officer need not touch the person of such party to make the arrest effectual, but he must have and intend to have control of the party's person. This seems to be necessary to constitute a valid arrest. If the officer has process, and intends presently to execute it, and the person against whom it is directed recognizes it and submits to the control of the officer, this would be a sufficient arrest, because thus the officer would get the custody and control of the person of the party." *Journey v. Sharpe,* 49 N. C., 165; *Hadley v. Tinnin,* 170 N. C., 84, 87.

The plaintiff testified to the circumstances attending his alleged arrest: "Mr. Bain came in and I was in the prescription room filling a prescription, and he waited until I had finished, and after I had finished he asked me if my name was J. H. Stancill and I told him it was, and he said, 'Mr. Stancill, I have a warrant for you.' I said, 'All right.' It was a great surprise to me, as I was not looking for anything of the kind. I told him to go ahead and read the warrant and I read it. At the time I was arrested, two of the clerks were there and while Mr. Bain was there, the president of the firm walked in and several people passed through. It was a public office. After he read the warrant, I asked him 'What must I do?' I had never had a warrant served on me before. Sheriff Bain asked me if I knew what a criminal warrant meant. I told him I did not and he said it means 'You are under arrest. You go to jail or get somebody to go on your bond, or go back to Johnston County and stay in prison until your trial.' I said, 'If that is the case, I can give a bond.' He said, 'Yes, go with me to the mayor's office and see what the bond is.' I said, 'Rather than go through that embarrassment, I happen to have that much money in my possession,' and I did not go with him back to the mayor's office to see what the bond was, but paid under protest. Bain said I would have to pay the $18.00 with the costs and that he would accept that and send it back to them. That was after I was under arrest. I was arrested in my office in the day time, but I do not remember the time. That

drug store was the most public place in Burlington. After I paid the money, the officer released me."

Omitting reference to his arrest under the *capias* the plaintiff adduced competent evidence tending to show his wrongful and illegal apprehension by virtue of the magistrate's warrant and it seems to be unquestionable that upon the cause of action first alleged in the complaint—that of false imprisonment—the evidence should have been submitted to the jury.

The second cause of action set out in the complaint is that of malicious prosecution. To sustain such action the plaintiff must show malice, want of probable cause, and the termination of the former proceeding. *Carpenter v. Hanes,* 167 N. C., 551. It is not denied that on the trial he offered evidence of the criminal prosecution and its termination by the entry of *nolle prosequi.* This entry and the discharge of the plaintiff (who was the defendant in the prosecution) was such conclusion of the criminal action as entitled the plaintiff to bring the present suit. *Hatch v. Cohen,* 84 N. C., 602; *Welch v. Cheek,* 115 N. C., 311; *Marcus v. Bernstein,* 117 N. C., 31; *Wilkinson v. Wilkinson,* 159 N. C., 265.

The word malice, as it is used in defining malicious prosecution, means a wrongful act intentionally done, not necessarily ill-will, anger or revenge; and the prosecution of an action for any purpose other than that of bringing the party to justice is evidence of a malicious motive. *Walker, J.,* in *Motsinger v. Sink,* 168 N. C., 548, 550, 555. Is there not evidence of such ulterior motive on the part of the defendant? The warrant was endorsed, "If defendant wishes to pay the bill and all costs accept and send to me," and it was executed "by collecting all the required amount." These entries certainly afforded some evidence that the object of the criminal prosecution was the collection of the defendant's claim and not the vindication of public justice.

We forbear entering upon a discussion of the meaning of probable cause and the inquiries embraced in the definition and simply refer to the clear and comprehensive statement of the law in *Motsinger v. Sink, supra,* and *Bowen v. Pollard,* 173 N. C., 129.

The judgment of nonsuit is set aside to the end that the matters set out in the pleadings and the evidence may be inquired of by the jury under proper instructions as to the law.

Reversed.