(116 So. 28)

## DAVIS & ALLCOTT CO. v. BOOZER.
### (7 Div. 662.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. False imprisonment ⬅20(3).**

Where complaint alleged conjunctively unlawful arrest and imprisonment of plaintiff, proof of both was required for recovery.

**2. False imprisonment ⬅2.**

Arrest consists in taking, under real or assumed authority, custody of another for purpose of holding or detaining him to answer criminal charge or civil demand.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arrest.]

**3. False imprisonment ⬅5—That mill doors were locked so employee could not leave without foreman's consent did not constitute arrest.**

That hosiery mill doors were locked, so that employee who became sick could not leave without foreman's consent, did not constitute

an arrest, since there may be an unlawful imprisonment without an arrest.

**4. False imprisonment ⬅39.**

Evidence *held* not to warrant submission to jury of false imprisonment by refusal of permission to sick employee to leave work.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Rosa Boozer, suing by her next friend, Carrah Boozer, against the Davis & Allcott Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Hood & Murphree, of Gadsden, for appellant.

The proof fails to support the averment that appellee was arrested, and each of the affirmative charges requested by appellant should have been given. A. & B. A. R. Co. v. Brown, 158 Ala. 607, 48 So. 73.

E. O. McCord & Son, of Gadsden, for appellee.

The proof showed an arrest. Webster's New Int. Dict., 128; C. of G. v. Carlock, 196 Ala. 661, 72 So. 261; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Birmingham Ledger Co. v. Buchanan, 10 Ala. App. 527, 65 So. 667.

GARDNER, J. The appellant corporation operated a hosiery mill at Gadsden, Ala., in which appellee, Rosa Boozer, a girl 18 years of age, was employed on the morning of June 25, 1925, when she became ill after being at the plant about an hour. One Whittle was foreman of the plant and in charge during the absence of the superintendent, Burt Richardson.

Concerning the occurrences forming the foundation of this suit, plaintiff, Rosa Boozer, testified: She was just kind of taken sick · and went to Whittle and asked him to let her go home, who said that she couldn't, to go to work. She told him that she did not feel like working, and he said: "Go and take some medicine, and maybe it will help you." A Miss Alredge was forelady at the plant, and plaintiff testified that she gave her some medicine, as directed by Whittle. Plaintiff did not know what the medicine was, but it appears, without conflict, that it was bicarbonate of soda. Plaintiff returned to her machine for a short while, then went to the toilet and there fainted. She was revived, carried into the office, where she waited until Richardson drove her home in the automobile. Plaintiff was of delicate health, had been sick at the plant before, "had been sick off and on."

Plaintiff thereafter by next friend brought

this suit to recover of appellant damages as for an unlawful arrest and imprisonment of plaintiff, as alleged in counts 3, 4, and 5, and unlawful detention of plaintiff in defendant's said plant, as set forth in count 6. These were the counts upon which the cause was tried. The affirmative charge was requested as to each count and refused. The trial resulted in a verdict and judgment for the plaintiff, from which defendant prosecutes this appeal.

[1] In each of the counts 3, 4, and 5, damages are sought for "unlawfully arresting and imprisoning the plaintiff," the unlawful arrest and imprisonment being conjunctively alleged therein. Under the rule long here established, proof of both is required to authorize recovery. Atlanta & B. Air Line Ry. v. Brown, 158 Ala. 607, 48 So. 73.

[2] It is insisted by appellant there is no proof whatever of an arrest, and hence the affirmative charge was due to be given defendant as to these counts. We are persuaded this insistence is correct. As understood in legal phraseology:

"An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of holding or detaining him to answer a criminal charge or civil demand." Cent. of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261.

And in 5 Corpus Juris 787, is the following text, supported by the authorities:

"In order to constitute an arrest, as distinguished from a mere false imprisonment, there must be real or assumed authority to take the person into custody. There must be an intention to effect an arrest, and, where the submission of the subject of arrest is involved, he must understand that he is under arrest."

See, also, 2 R. C. L. 445; Emery v. Chesley, 18 N. H. 198; Lawrence v. Buaxton, 102 N. C. 129, 8 S. E. 774; note to Bissell v. Gold, 19 Am. Dec. 480.

[3] Plaintiff's theory appears to be that the doors of the plant were locked, that therefore she could not leave without Whittle's consent and assistance, and his refusal was tantamount to an unlawful detention. But, so conceding for the purpose of this case, that would not constitute an arrest, within the meaning of the law as above defined. That there may be an unlawful imprisonment without an arrest was recognized by this court in Robinson v. Greene, 148 Ala. 434, 43 So. 797. In that case, the evidence tended to show plaintiff was unlawfully detained on defendant's farm by one Peebles who was in charge thereof for defendant. Commenting upon the refusal of a charge requested by defendant and sustaining the trial court in such refusal, the court said:

"It assumes that Peebles arrested and detained plaintiff. There is no evidence that Peebles arrested plaintiff, and the charge is abstract and misleading in this particular."

[4] We have hereinabove set forth, in substance, the language and conduct of Whittle relied upon by plaintiff. It needs no argument to demonstrate that the essential elements of an arrest are lacking. There was neither real nor assumed authority to take plaintiff into custody to answer a criminal charge, civil demand, or other purpose, no evidence of any intention to effect an arrest, or that plaintiff so understood. The elements of an arrest relied upon by counsel for plaintiff bear relation to the very broad meaning of the word as defined in Webster's New International Dictionary, but not applicable to its meaning in law as shown by the same authority, as well as those above cited.

We conclude, therefore, that plaintiff has failed in his proof of an unlawful arrest, as alleged in counts 3, 4, and 5, and that the court erred in refusing the affirmative charges requested as to these counts.

As we read and understand count 6, one of the essential elements rests upon the theory that the entrance to the plant, where plaintiff was employed, was locked, thereby preventing her from leaving the plant without Whittle's consent. Plaintiff testified that the door by which she entered the plant that evening was locked from the inside, but it is without dispute in the evidence there were three entrances to the plant, one of which was through the office, and there is no proof by plaintiff that the office door was locked, while, on the contrary, the evidence is without conflict that this door was not locked. This was testified to by defendant's superintendent, Richardson, and the plant foreman, Whittle, as well also by plaintiff's sister, Rita Griffin (witness for the plaintiff) who stated in this connection:

"If the employees wanted to go out, as at dinner time, they had a door to go through, which was the office door. That door was not kept locked during the day or while the employees were at work—the door that went through by the office."

The plaintiff made no effort to leave the plant that morning, further than the conversation with Whittle hereinbefore outlined. The conduct of Whittle in refusing his consent is given force by the averment as to the entrance being closed so that employees could not leave the plant without his permission. The averment therefore constituted an essential portion of count 6, and, as it was unsupported by the proof, the affirmative charge should also have been given as requested by defendant as to this count.

For the errors indicated, the judgment will be reversed and the cause remanded.

Reversed and remanded.

SAYRE, MILLER, and BOULDIN, JJ., concur.