STATE OF NORTH CAROLINA v. CHARLES HENRY WILLIAMS

No. 762SC407

(Filed 20 October 1976)

1. **Arrest and Bail § 4; Criminal Law § 84— arrest made by city officer outside jurisdiction — arrest illegal but constitutional**

    Though an arrest by a city police officer made more than three miles from the city limits was illegal, it was not unconstitutional and evidence obtained pursuant to the arrest was therefore constitutionally admissible; furthermore, the exclusion of the evidence was not required under G.S. 15A-974(2) on the ground that the arrest was a "substantial violation" of the Criminal Procedure Act since the arrest was in violation of G.S. 160A-286 and not the Criminal Procedure Act.

2. **Arrest and Bail § 4— lawful arrest by State Trooper — assist by city officer outside jurisdiction — arrest lawful**

    A lawful arrest by a State Trooper would not become unlawful because the city policeman who joined in making the arrest was outside his territorial jurisdiction.

APPEAL by defendant from *Cohoon, Judge*. Judgments entered 14 January 1976 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 21 September 1976.

The defendant was convicted on charges, consolidated for trial, of (1) driving a motor vehicle upon the public highways while under the influence of intoxicating liquor, a second offense, (2) speeding, and (3) failing to stop on signal from a law officer.

From judgments imposing concurrent sentences to imprisonment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Robert G. Webb for the State.*

*Bailey & Cockrell by Arthur E. Cockrell for defendant appellant.*

CLARK, Judge.

[1] The defendant's only assignment of error is the denial of his motion to suppress the evidence offered by Plymouth Policeman Ronald McKimmey and State Troopers Terry Toler and M. D. Foley on the ground that this evidence was obtained pursuant to the arrest by Policeman McKimmey which was illegal

because it was made more than three miles outside the town limits of Plymouth in violation of G.S. 160A-286.

All of the evidence tends to show that Officer McKimmey pursued defendant in his motor vehicle from the Town of Plymouth at high speed for a distance of about eight miles outside the town; that State Trooper Toler joined the pursuit about four miles outside of Plymouth; that when defendant stopped and stood beside his vehicle, both Officer McKimmey and Trooper Toler approached, searched and handcuffed him. Officer Mc-Kimmey arrested defendant and returned with him to Plymouth.

At the time of the offense, 11 May 1975, G.S. 160A-286, in part, provided that a city policeman could pursue an offender for a distance of three miles outside the corporate limits of the city for the purpose of making an arrest. The State concedes that under the law existing at that time defendant's arrest was illegal. "[T]he rule is that where the right and power of arrest without warrant is regulated by statute, an arrest without warrant except as authorized by statute is illegal." *State v. Mobley,* 240 N.C. 476, 480, 83 S.E. 2d 100, 103 (1954). It is noted that the foregoing provision of G.S. 160A-286 was deleted by a 1973 amendment, effective 1 September 1975.

Though the arrest of the defendant was illegal it was not unconstitutional because there was probable cause to make the arrest. Nor were there any oppressive circumstances surrounding the arrest warranting the exclusion of any evidence. In *State v. Eubanks,* 283 N.C. 556, 196 S.E. 2d 706 (1973), a law officer arrested defendant without a warrant on the charge of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor though the offense was not committed in his presence. In holding the evidence of the breathalyzer test "and the officer's observations of this defendant admissible" the court observed: "We hold that nothing in our law requires the exclusion of evidence obtained following an arrest which is constitutionally valid but illegal for failure to first obtain an arrest warrant." 283 N.C. at 560.

We note, however, that the exclusionary rule in *Eubanks* has been broadened by the Criminal Procedure Act, G.S. Chap. 15A, effective 1 September 1975, which, in addition to the constitutionally required exclusions, provides in G.S. 15A-974(2) for suppression of evidence if

"It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

    a. The importance of the particular interest violated;

    b. The extent of the deviation from lawful conduct;

    c. The extent to which the violation was willful;

    d. The extent to which exclusion will tend to deter future violations of this Chapter."

This statute sets more stringent standards for arrest than those required by the federal constitution and requires a wider application of the exclusionary rule to meet these statutory standards relating not only to arrest and to search and seizure, but also "substantial violation" of all other provisions of the Criminal Procedure Act.

[2]   The concession by the State that the arrest was illegal because made by a city policeman in violation of G.S. 160A-286 is questionable. In the case before us the offenses were committed by the defendant in the presence of both City Policeman McKimmey and State Trooper Toler. Both officers had the authority to arrest without a warrant under G.S. 15A-401(b) "any person who the officer has probable cause to believe has committed a criminal offense in the officer's presence." The evidence is uncontradicted that State Trooper Toler, whose authority to arrest was geographically limited only by State lines, joined in the pursuit, observed the offenses committed, and jointly with the city policeman apprehended and handcuffed the defendant. "An arrest consists in taking custody of another person under real or assumed authority for the purpose of detaining him to answer a criminal charge or civil demand." *Stancill v. Underwood*, 188 N.C. 475, 476-77, 124 S.E. 845, 846 (1924). A lawful arrest by the State Trooper would not become unlawful because the city policeman who joined in making the arrest was outside this territorial jurisdiction.

[1]   In any event, there was probable cause to make the arrest. Assuming, *arguendo*, that the arrest was illegal, it was constitutionally valid. Nor should the evidence be suppressed under G.S. 15A-974(2) on the ground that the arrest was a "substantial violation" of the Criminal Procedure Act because the arrest

by the city policeman was in violation of G.S. 160A-286 and not the Criminal Procedure Act. We find

No error.

Judges BRITT and PARKER concur.