STATE OF NORTH CAROLINA v. BOBBY DWIGHT ARMSTRONG

No. 764SC851

(Filed 20 April 1977)

**Searches and Seizures § 3— warrant to search for marijuana — insufficiency of affidavit**

Facts set forth in an affidavit failed to furnish any rational basis upon which the officer issuing a search warrant could reasonably make an independent determination that there was probable cause to believe that the proposed search of a trailer occupied by defendant would reveal any marijuana where such facts stated only that on 9 January 1976 Darwin Smith, from whom an undercover agent had made arrangements to buy one pound of marijuana, went to the trailer in question; there he met a man fitting defendant's description, and they left in defendant's automobile; on the following day Smith sold a pound of marijuana to the undercover agent and another agent; later that same day, defendant went to a local store where he passed a $10 marked bill which had been used earlier in the day to purchase the marijuana; but there was no allegation that any marijuana was ever seen, kept, sold or delivered at the trailer described in the application for the search warrant.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 15 July 1976 in Superior Court, ONSLOW County. Heard in the Court of Appeals 5 April 1977.

Defendant was charged in a bill of indictment with feloniously possessing with intent to sell more than one ounce of marijuana. He pled not guilty. Prior to trial defendant moved to suppress evidence obtained as result of a search conducted pursuant to a search warrant. The motion was denied by Judge Joshua S. James.

At trial before Judge Rouse and a jury, the State's evidence showed that at approximately 10:30 p.m. on 10 January 1976 officers of the Onslow County Sheriff's Department, under

authority of a search warrant issued that night, searched a trailer occupied by defendant and found five plastic bags containing approximately 468 grams of marijuana. Defendant told the officers he would take responsibility for the drugs found. The defendant did not present evidence.

The court granted defendant's motion for nonsuit as to the charge of felonious possession of marijuana with intent to sell and submitted the case to the jury on the lesser included offense of simple possession of more than one ounce of marijuana. The jury found defendant guilty, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Bailey and Raynor by Edward G. Bailey for defendant appellant.*

PARKER, Judge.

The sole question presented concerns the validity of the search warrant. In apt time defendant challenged the validity of the search warrant under which the officers searched his trailer and moved to suppress the evidence obtained as a result of the search. The search was made under circumstances which required a search warrant, and unless the warrant was valid, the search was illegal and evidence obtained as a result thereof should have been suppressed. G.S. 15A-974; *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961). An "unlawful search is not made lawful because of resulting discoveries." *State v. McCloud,* 276 N.C. 518, 525, 173 S.E. 2d 753, 758 (1970).

The warrant was issued upon application of B. H. Simms, a Narcotic Agent with the Onslow County Sheriff's Department. In his application, which was signed and sworn to by Officer Simms on 10 January 1976, the applicant alleged that there was probable cause to believe that marijuana and marked narcotic money were located in a specifically described trailer in the H & J Trailer Park off of Highway 17 South. To establish probable cause for the issuance of the search warrant, the applicant swore to the following facts:

"On 1-9-76 an undercover agent had a buy of 1 pound of marijuana set up. This individual who was going to sell

---

---

the pound of marijuana was staked out and followed by this officer. Each time the individual left he went to this trailer. The last time this individual went to this trailer he got up with a white male with medium long hair and a beard, they (sic) the individual whose name is Darwin Smith and the long hair bearded subject left in a dark colored Fiat whose tag number was HPZ264, which was registered to Bobby Dwight Armstrong, and on 1-10-76 the buy of one pound of marijuana was made by the undercover agent and Agent James Henderson where 1 pound of marijuana was bought and $5.00 of marked money was confiscated, on the same date, 1-10-76, Bobby Dwight Armstrong was staked out by this officer and Agent James E. Henderson. This individual Bobby Dwight Armstrong, white male, approximately 180 pounds with dirty blonde hair, medium long hair and beard went to a local business establishment where he, Bobby Dwight Armstrong, passed a $10.00 bill, serial #58497722B which was marked money which was used to purchase the one pound of marijuana earlier bought by an undercover agent and Narcotic Agent James E. Henderson. Bobby Dwight Armstrong was the only customer who went in this store and immediately after Bobby Dwight Armstrong left, Agent Henderson recovered the marked $10.00 bill which was kept separate from other money.

> B. H. Simms, Narcotic Agent
> Onslow County Sheriff's
> Department."

It does not appear that any information other than that contained in the above quoted affidavit was presented to or considered by the issuing official in determining whether probable cause existed for the issuance of the search warrant. Certainly none was "either recorded or contemporaneously summarized in the record or on the face of the warrant by the issuing official," as required by G.S. 15A-245(a). Therefore, a finding of probable cause in this case must be based solely upon the allegations in the affidavit. The affidavit is sufficient "if it supplies reasonable cause to believe that the proposed search for evidence of the commission of the designated criminal offense will reveal the presence *upon the described premises* of the objects sought and that they will aid in the apprehension or conviction of the offender." (Emphasis added.) *State v.*

State v. Armstrong

*Vestal,* 278 N.C. 561, 576, 180 S.E. 2d 755, 765 (1971). In our opinion, the affidavit in the present case does not supply reasonable cause for such a belief.

The affidavit states the following facts: On 9 January 1976 an undercover agent had made arrangements to buy a pound of marijuana from an individual whose name is Darwin Smith. The affiant, Officer B. H. Simms, placed Darwin Smith under surveillance and followed him. Each time Darwin Smith "left" (how many times and from what location is not disclosed), he went to "this trailer," apparently referring to the trailer described in the application for the search warrant. The last time Smith went to this trailer, he "got up with a white male with medium long hair and a beard," and they left in a Fiat automobile which was registered to the defendant. On the following day, 10 January 1976, the undercover agent and Agent James Henderson made the "buy" of one pound of marijuana and $5.00 of marked money was confiscated. On the same date, 10 January 1976, Officer Simms and Agent Henderson "staked out" the defendant, who is described as being a "white male, approximately 180 pounds with dirty blond hair, medium long hair and beard." Defendant went to a local business establishment, where he passed a $10.00 bill which was marked money used earlier that day by the undercover agent and Agent Henderson to purchase the one pound of marijuana. Defendant was the only customer who went in the store, and immediately after he left, Agent Henderson recovered the marked $10.00 bill.

Upon analysis, a fair summary of the facts stated in the affidavit comes to no more than this: On 9 January 1976 Darwin Smith, from whom an undercover agent had made arrangements to buy one pound of marijuana, went to the trailer; there he met a man fitting defendant's description, and they left in defendant's automobile; on the following day Smith sold a pound of marijuana to the undercover agent and Agent Henderson; later that same day, defendant went to a local store, where he passed a $10.00 marked bill which had been used earlier in the day to purchase the marijuana.

There is no allegation that any marijuana was ever seen, kept, sold, or delivered at the trailer, which was the only premises described in the application for the search warrant. Indeed, the only facts stated in the affidavit which even remotely relate to the trailer are that on 9 January 1976 Darwin Smith went

to the trailer, apparently more than once, and that the last time he did so he met a person, apparently the defendant, and left with him in defendant's car. There is no allegation that either Smith or the defendant lived at the trailer, and the connection, if any, between either one of them and the premises to be searched is not disclosed. Thus, the facts stated in the affidavit simply fail to furnish any rational basis upon which the issuing officer could reasonably make an independent determination that there was probable cause to believe that the proposed search of the trailer would discover the items specified in the application.

In *State v. Campbell,* 282 N.C. 125, 131, 191 S.E. 2d 752, 757 (1972), Justice Huskins, speaking for our Supreme Court, said: "Nowhere has either this Court or the United States Supreme Court approved an affidavit for the issuance of a search warrant that failed to implicate the premises to be searched." The affidavit now before us failed to implicate the premises to be searched and did not provide a sufficient basis for a finding of probable cause to search the premises described in the warrant.

For error committed in overruling defendant's motion to suppress the evidence obtained as result of the search, the judgment appealed from is vacated and defendant is granted a

New trial.

Judges BRITT and MARTIN concur.