STATE OF NORTH CAROLINA v. JEFFREY ALLEN BROWN

No. 7721SC898

(Filed 21 March 1978)

**Searches and Seizures § 41— execution of search warrant—failure to announce identity and purpose—suppression of seized evidence**

    Officers violated G.S. 15A-249 in the execution of a warrant to search defendant's residence for marijuana when an officer, dressed in jeans and sandals, forcibly entered defendant's residence without giving notice of his identity and purpose when defendant stepped onto his front porch to investigate a commotion other officers had intentionally created in front of defendant's residence, and other officers then entered the residence. Furthermore, the seized marijuana should have been suppressed pursuant to G.S. 15A-974(2) as evidence obtained as a result of a substantial violation of the Criminal Procedure Act since (1) the right of protection against unreasonable searches and seizures and the right of privacy were violated; (2) there was a total deviation from the procedures required by G.S. 15A-249; (3) the violation was willful; and (4) the exclusion of the seized evidence will tend to deter future violations of G.S. 15A-249.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 19 July 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 March 1978.

Defendant was charged with felonious possession of marijuana. During the trial, he moved to suppress evidence obtained under the search warrant on the grounds that officers conducting the search unlawfully entered his house. Testimony introduced by defendant and the State on *voir dire* revealed the following: On 30 April 1977, Officers G. L. Rose and B. B. Woosley of the Winston-Salem Police Department were issued a search warrant for defendant's residence in Kernersville. The evidence sought to be seized under the warrant was marijuana. Officers Rose and Woosley, knowing that marijuana could easily be destroyed, met with Deputy Sheriff McGee and two other deputy sheriffs of Forsyth County and devised a plan for quick entry into defendant's house. Their motive was to prevent defendant from destroying any contraband he possessed. Their plan was to stage a chase in which a marked sheriff's car, with lights flashing and siren sounding, would pursue an unmarked police car and stop in front of defendant's house. The mock chase was designed to operate as a diversion for Deputy McGee, who was to be positioned beside the

door of defendant's house. If the defendant opened his door to investigate the commotion, Deputy McGee was supposed to enter the house and begin searching for contraband before any could be destroyed. The scheme was carried out as planned and defendant did in fact open the door to his house and step onto the front porch. At that instant, Deputy McGee went to the door, asked defendant if he could use his phone and when refused, pushed his way inside the house. Deputy McGee was dressed in jeans and sandals and was not in uniform. The search of the house resulted in the seizure of 18 bags of marijuana and other drug paraphernalia.

In his order denying defendant's motion to suppress evidence, Judge Lupton found that Deputy McGee did not knock or identify himself before entering defendant's residence, but that such conduct did not require the suppression of evidence seized under the search. The case was submitted to the jury and upon a verdict of guilty, defendant was sentenced to 24 months imprisonment. He appealed to this Court and the State concedes that the search was unlawful and the motion to suppress should have been granted.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Johnson and Walker, by Gary J. Walker, for the defendant appellant.*

WEBB, Judge.

Defendant's appeal presents the question whether the law enforcement officers in the execution of the search warrant, under the facts in this case, were justified in making a forcible, unannounced entry into defendant's residence when it reasonably appeared that notice of their entry would cause the destruction or secreting of contraband or evidence. We answer in the negative.

G.S. 15A-249 defines the procedures law enforcement officers must follow when executing a search warrant. It reads:

The officer executing a search warrant *must, before entering the premises,* give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched. If it is

unclear whether anyone is present at the premises to be searched, he must give the notice in a manner likely to be heard by anyone who is present. (Emphasis added.)

No one disputes that the provisions of G.S. 15A-249 were not complied with during the search of defendant's house. Judge Lupton, however, found in his order that:

"... the defendant was not prejudiced by this deviation from the requirements of North Carolina General Statute 15A-249 since the reason for complying with the above statute is to show that the officers were not trespassers and that the deviation from lawful conduct was minor, and that the lawfulness of the deviation was somewhat justified by the word received through the confidential informant that the contraband may be destroyed and that to exclude the seized evidence would not tend to deter future deviation of G.S. 15A-249, because again the officers had word that the destruction of the contraband was probable."

We do not read G.S. 15A-249 so narrowly as to have as its main purpose the protection of law enforcement officers from homeowner assaults, nor do we read the statute so broadly as to justify its violation when the destruction of contraband is probable. As we interpret the statute, it is also designed to protect the public from unreasonable searches and seizures and to guard the right to privacy in our homes. Unannounced, forcible entries by officers are authorized by statute in situations in which life or safety of any person is endangered. G.S. 15A-251(2).

Finding, as we have, that G.S. 15A-249 was violated during the search of defendant's residence, we must determine if this violation of statute requires the evidence seized to be excluded. We hold that the motion to suppress should have been granted. The statutory test for the exclusion or suppression of unlawfully obtained evidence is found in G.S. 15A-974. It provides:

Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining

whether a violation is substantial, the court must consider all the circumstances, including:

a. The importance of the particular interest violated;

b. The extent of the deviation from lawful conduct;

c. The extent to which the violation was willful;

d. The extent to which exclusion will tend to deter future violations of this Chapter.

We concede, without deciding, that the officer's conduct in gaining entry to search defendant's house would not require the exclusion of evidence under federal Constitutional standards and, *a fortiori*, State Constitutional standards. *See Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726 (1963). However, regardless of the constitutionality of the search, we hold that the evidence seized must be suppressed because the officers obtained their evidence "as a result of a substantial violation" of the Criminal Procedure Act. *See State v. Williams*, 31 N.C. App. 237, 229 S.E. 2d 63 (1976). Consideration of the circumstances cited under subsection (2) of G.S. 15A-974 leads us to conclude that the provisions of the Criminal Procedure Act were substantially violated. First, the protection of the public from unreasonable searches and seizures and the right to privacy in our homes are two interests that have been violated. We consider these interests to be of utmost importance. Second, Deputy McGee did not knock, identify himself (nor was he dressed in uniform so as to give rise to constructive notice of his authority), or state his purpose before entering defendant's house. This was a total deviation from the procedures outlined in G.S. 15A-249. Third, as to whether the violation of the statute was willful, it is evident from the record that the officers planned their diversionary chase to enable Deputy McGee to secretly enter defendant's residence. A prearranged scheme to circumvent the statute's requirements establishes that the violation was willful. Finally, we believe that the exclusion of evidence under the facts of this case will tend to deter future violations of G.S. 15A-249.

In so far as *State v. Watson*, 19 N.C. App. 160, 198 S.E. 2d 185 (1973) is inconsistent with this opinion, we believe that it has been overruled by G.S. 15A-251.

We reverse. The motion to suppress evidence should have been granted.

Judges BRITT and HEDRICK concur.