STATE OF NORTH CAROLINA v. ANTHONY EDELL WILLIS

No. 8110SC1289

(Filed 17 August 1982)

**1. Searches and Seizures § 23— validity of warrant—sufficient to establish probable cause**

In a prosecution for trafficking in heroin, a warrant authorizing a search was based upon an affidavit that was sufficient to establish probable cause for the issuance of the warrant where the application contained a statement of probable cause; the information upon which the application was based was received on the very day the application was made; the informant had stated that he had seen a quantity of heroin at 526 South Person Street, the place to be searched; and the defendant had been seen selling heroin within the past 72 hours. G.S. 15A-244(2) and (3).

**2. Searches and Seizures § 41— execution of search warrant—inappropriate notice by police officers—failures not requiring exclusion of evidence**

In a prosecution for trafficking in heroin, officers violated the statutory requirements for execution of a search warrant, G.S. §§ 15A-249 and 15A-251(1) and (2), when, at best, an officer announced his identity as he entered the front door to the house to be searched, and he did not state his purpose for being there. The violation was not substantial enough to require suppression under G.S. 15A-974, however, since (1) there was evidence that the

entry was effected to prevent destruction of contraband, and (2) the police officers' deviation from lawful conduct was not extensive or willful.

Judge BECTON dissenting.

APPEAL by defendant from *Godwin, Judge*. Judgment entered 3 July 1981, in Superior Court, WAKE County. Heard in the Court of Appeals 24 May 1982.

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Associate Attorneys Jane P. Gray and Emily R. Copeland, for the State.*

*Van Camp, Gill & Crumpler, by William B. Crumpler, and Loflin & Loflin, by Thomas F. Loflin III and Robert S. Mahler, for defendant appellant.*

MORRIS, Chief Judge.

Defendant was indicted for trafficking in heroin, a violation of G.S. 90-95(h)(4)(a). After the denial of his motion to suppress evidence seized during a search of his premises, defendant entered a plea of guilty to the lesser included offense of simple possession of heroin. In his plea, defendant preserved the right to appeal the denial of his motion to suppress, G.S. 15A-979. His appeal consists of two arguments supporting his contention that the motion to suppress should have been allowed. For the reasons stated below, we reject defendant's arguments and affirm the denial of his motion to suppress evidence seized during a search of his home.

I

On 5 August 1980, Raleigh Police Detective Glover filed an application for a warrant to search a house at 526 S. Person Street. He swore to the following statement to establish probable cause for issuance of the warrant:

On 8/5/80 this investigator received information from a reliable informant who stated that Anthony Willis has a quantity of Heroin at 526 S. Person Street, Raleigh, North Carolina. This informant stated that he had seen a quantity of Heroin at 526 S. Person Street, also he saw Anthony Willis sale (*sic*) a spoon of Heroin to a Black Male within the past 72 hours. This informant has proven to be reliable on 2 different

occasions in the past 2 years. This informant has made a con-troll (*sic*) buy of Heroin for Det. A. C. Munday and this In-vestigator. One person has been arrested for drug violation from this informants' information.

Having obtained the warrant, he and eight other officers pro-ceeded to 526 S. Person Street. According to State's evidence at the hearing on defendant's motion to suppress, when the officers were approaching the address, they observed defendant's father and others standing in front of the house. Police Sergeant Peoples jumped from his automobile, ran to the house, and, as soon as he made entry to the house, shouted, "Police." Detective O'Shields, who followed Sergeant Peoples into the house, testified that the main wooden door was completely open and the outer screen door was ajar. The officers found defendant and a woman in the second room of the house. After the people outside the house were brought in, Detective Glover read the search warrant, and a search was initiated. Fifty-eight grams of heroin were found.

Defendant's cross-examination of State's witnesses, as well as affidavits and a transcript from his probable cause hearing, tended to show that the house at 526 S. Person was a shotgun house with three rooms; that, upon the officers' arrival at the house in unmarked cars, some officers went to the backdoor; that none of the officers had on police uniforms; that the officers heard no commotion before entering the house, and that Sergeant Peoples was in the living room of the dwelling when he shouted, "Police."

The trial court found, among other things, that defendant lived at the residence at 526 S. Person Street, and that he, therefore, had an expectation of privacy in the premises. The court also found that the search was conducted pursuant to a valid search warrant and that Sergeant Peoples announced, "Police" at the same time as he was crossing the threshold and entering the premises. The court concluded that any violation of G.S. 15A-241 through G.S. 15A-259 was "merely technical in nature and effect" and was not substantial enough to require ex-clusion pursuant to G.S. 15A-974.

## II

[1] Defendant's first argument is that the trial court erred in de-nying his motion to suppress evidence seized during the search

because the warrant authorizing the search was based upon an affidavit that was insufficient to establish probable cause for issuance of the warrant. This argument is, of course, grounded in the Fourth Amendment to the U.S. Constitution, made applicable to the states by the Fourteenth Amendment, *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961).

In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), the Supreme Court dealt with constitutional requirements for obtaining a state search warrant. It emphasized that the protection guaranteed by the 4th Amendment consists in requiring that inferences drawn to support the issuance of a search warrant be drawn by a "neutral and detached" magistrate, not by police officers "engaged in the often competitive enterprise of ferreting out crime." *Id.* at 111, 84 S.Ct. at 1513, 12 L.Ed. 2d at 727, quoting *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440 (1948). The application for the warrant must allege facts by which the magistrate can determine whether there is probable cause to support the warrant. Mere conclusions of the officer applying for the warrant or of the informant are not sufficient.

North Carolina has statutorily set forth requirements for the contents of the application for a search warrant, the pertinent ones of which are:

. . . .

(2) A statement that there is probable cause to believe that items subject to seizure under G.S. 15A-242 may be found in or upon a designated or described place, vehicle, or person; and

(3) Allegations of fact supporting the statement. The *statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched;*

. . . .

G.S. 15A-244(2) and (3).

Based on this statute and on *Aguilar v. Texas, supra,* defendant contends that the application in the present case fails to establish that contraband was, at the time of the application, in the place to be searched, fails to link defendant's sale of heroin to the residence at 526 S. Person Street, and fails to provide any connection between defendant and the premises. We concede that the affidavit of Detective Glover was not artfully drawn. We do not, however, believe that applications for search warrants, written by police officers often in haste, must be drawn with syntactical precision which would try even our more learned grammarians.

A reasonable reading of the application for the search warrant in the case *sub judice* leads this Court to conclude that it did contain sufficient facts to allow issuance of the search warrant. The application contains a statement of probable cause; the information upon which the application was based was received on the very day the application was made; the informant had stated that he had seen a quantity of heroin at 526 S. Person Street, the place to be searched; and the defendant had been seen selling heroin within the past 72 hours. There is a further statement supporting the reliability of the informant. This case is clearly distinguishable from *State v. Armstrong,* 33 N.C. App. 52, 234 S.E. 2d 197 (1977), which defendant cites in support of his argument. Unlike the affidavit before this Court now, *Armstrong* dealt with an affidavit which utterly failed to connect contraband to the premises for which the warrant was obtained.

### III

[2] Defendant further argues that the motion to suppress evidence should have been allowed because, in announcing their identity and purpose and in entering defendant's premises, the police officers failed to comply with statutory requisites. G.S. 15A-249 requires a police officer executing a search warrant to give appropriate notice of his identity and purpose before entering the premises. G.S. 15A-251 allows an officer to enter premises by force when necessary to execute the warrant if:

. . . .

(1) The officer has previously announced his identity and purpose as required by G.S. 15A-249 and reasonably believes

either that admittance is being denied or unreasonably delayed or that the premises or vehicle is unoccupied; or

(2) The officer has probable cause to believe that the giving of notice would endanger the life or safety of any person.

G.S. 15A-251(1) and (2).

In the instant case, the facts show that the police officer, at best, announced his identity as he entered the front door to the house. He did not state his purpose for being there. It is clear from the findings of fact made in the order denying defendant's motion that the officer had no probable cause to believe that the giving of notice would endanger the life or safety of any person. Hence, in our view, the officers violated the statutory requirements for execution of the search warrant.

The question now becomes whether the failures of the police officers to follow statutory procedures in entering and searching defendant's premises require the exclusion of evidence seized during the search. G.S. 15A-974 requires suppression of evidence "if it is obtained as a result of a substantial violation" of the Criminal Procedure Act. Determination of whether a violation is substantial is made upon consideration of all the circumstances, including:

. . . .

a. The importance of the particular interest violated;

b. The extent of the deviation from lawful conduct;

c. The extent to which the violation was willful;

d. The extent to which exclusion will tend to deter future violations of this Chapter.

G.S. 15A-974(2) a.-d.

While we are mindful of the extreme importance of the right of the individual to be secure against unlawful searches of his home, we are also aware that, in *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726 (1963), the Supreme Court refused to find unconstitutional the officers' entry, without warrant, notice, or permission, where there was evidence that such entry was effected to prevent destruction of contraband. While this holding was based upon California law governing forcible entries, we find

State v. Willis

it significant in measuring, in our case, the importance of the particular interest violated.

Furthermore, we cannot find that the police officers' deviation from lawful conduct was extensive or willful. Upon reaching the premises, the officers observed three persons, including defendant's father, near an automobile. Although the officers heard no warning given by these persons, the officers feared that persons inside the house might destroy the contraband for which they were to search. They raced to the house where they found the main front door open and the screen door ajar. Sergeant Peoples yelled, "Police" as he was moving through the open door. In our minds, exclusion of evidence seized under these circumstances will do little, if anything, to deter future violations of G.S. 15A-249 and G.S. 15A-251.

The scenario in the instant case was considerably different from that in *State v. Brown*, 35 N.C. App. 634, 242 S.E. 2d 184 (1978), cited by defendant. In that case police officers staged a mock car chase to lure defendant from his home and attempted, by deceitful means, to gain access to that home. This Court properly held that the motion to suppress in *Brown* should have been allowed.

In deciding that the violation of G.S. 15A-249 and G.S. 15A-251 was not substantial, we do not intend to obviate the clear mandate of those statutes. In the instant case, we simply do not find violation of the statutes governing warrant execution to be substantial enough to require suppression of evidence seized during the search.

The order denying defendant's motion to suppress is

Affirmed.

Judge MARTIN concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

The majority correctly concludes that "the officers violated the statutory requirements for execution of the search warrant,"

ante, p. 7, but then holds that "the violation of G.S. 15A-249 and G.S. 15A-251 was not substantial," ante, p. 9. From that holding, I dissent.

The police clearly failed to give appropriate notice of their identity and purpose before entering the premises in question. And, as stated by the majority, "the officer had no probable cause to believe the giving of notice would endanger the life or safety of any person." Ante, p. 7. The officers' fear "that persons inside the house might destroy the contraband," ante, p. 8, is not sufficient, standing alone, to justify a forced entry. As stated by this Court in *State v. Brown*, 35 N.C. App. 634, 636, 242 S.E. 2d 184, 186 (1978), we do not "read the statute so broadly as to justify its violation when the destruction of contraband is probable."

Considering (1) the facts of this case; (2) the fundamental right of an individual to be secure against unlawful searches of his home; and (3) the incidents of assaults[1] on officers who fail to give appropriate notice of their identity and purpose before entering premises, I believe the evidence seized during the search should have been suppressed. I vote to reverse the conviction.

---

1. *See State v. McCombs*, 297 N.C. 151, 253 S.E. 2d 906 (1979) in which a City of Durham Narcotics Officer was killed after entering defendant's apartment to search for marijuana. Defendant testified that he "never heard anyone identify himself as a policeman until after he had fired the shot." *Id.* at 153, 253 S.E. 2d at 908. *See also State v. Miller*, 282 N.C. 633, 194 S.E. 2d 353 (1973).