STATE OF NORTH CAROLINA v. VIRGIL LEE GAINES

No. 7612SC861

(Filed 20 April 1977)

1. **Searches and Seizures § 4— execution of search warrant — notice of identity and purpose**

 An officer's notice of identity and purpose was sufficient to render valid his search pursuant to a warrant where officers observed a man hurriedly leave the premises to be searched; officers hastened to the door and saw that the front screen door was closed but unlocked and the front inside door was standing open about a foot; an officer announced his presence by stating, "Police officer, search warrant"; and the officer then opened the screen door and entered with the search warrant and his credentials in his hand. G.S. 15A-249.

2. **Criminal Law § 128.2— witness's statement about defendant's "record" — denial of mistrial**

 In a prosecution for possession of heroin with intent to sell and deliver, the trial court did not err in the denial of defendant's motion for mistrial made when a witness testified she told defendant to get rid of three foil packets because she "knew he had a record" where the court granted defendant's motion to strike the testimony and instructed the jury not to consider it.

APPEAL by defendant from *Herring, Judge.* Judgment entered 23 April 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 5 April 1977.

Upon a plea of not guilty, defendant was tried (1) on an indictment charging him with possession of heroin with the intent to sell and deliver, and (2) on a magistrate's order charging him with misdemeanor possession of marijuana. A second indictment charged that this was his second offense, defendant previously having been convicted of possession of heroin.

Prior to trial, defendant moved to suppress evidence obtained by a search pursuant to a search warrant and a voir dire hearing was held. At the hearing the State's evidence tended to show:

On 28 November 1975 at approximately 9:45 p.m., Officer Mills of the State Bureau of Investigation and several other officers went to a residence in Fayetteville to conduct a search pursuant to a valid search warrant. They parked several houses away and were approaching on foot when they observed a black male come out of the house hurriedly and speed away in a car.

One of the officers followed him and the others ran to the residence. The front screen door was closed but unlocked and the front inside door was standing open about a foot. Mills announced his presence by stating, "Police officer, search warrant"; he then opened the screen door and entered with the search warrant and his credentials in his hand. His announcement and his entry into the house were almost "spontaneous."

Mills found two females in the living room and ordered them to sit down. He then entered the bedroom and found defendant in bed. While defendant was getting up, he threw three tinfoil packets to the floor. These packets were taken into custody and the house was searched.

Defendant presented as a witness one of the females who was in the house at the time. She testified that the front door was open only about three inches; that she did not hear anything outside the house until the door swung open with a loud noise and the police entered.

The trial judge made findings of fact and concluded that from the totality of the circumstances "the officer's notice of identity and purpose was sufficient." The motion to suppress was denied.

At trial Officers Mills and Chapman testified substantially to the same facts established at the voir dire hearing. The contents of the packets were shown to be heroin and it was further shown that the officers seized some marijuana from another bedroom. Agnes Carter, one of the females present when the police entered the house, also testified for the State. She stated that shortly before the police arrived, she had been in defendant's bedroom to speak to him and had noticed three "silver" packets which she told defendant to get rid of.

At the conclusion of the State's evidence, defendant's motion to dismiss was allowed in part, leaving the lesser offense of possession of heroin and the charge of possession of marijuana to be submitted to the jury.

Defendant offered the testimony of Nellie Malloy who was also in the living room when the police entered. She testified that she had not seen any foil packets or green vegetable matter on that night or on any prior occasion at the defendant's residence.

The jury found defendant guilty of possession of heroin. From judgment imposing a prison sentence of not less than five nor more than seven years, he appealed.

*Attorney General Edmisten, by Associate Attorney Jack Cozort, for the State.*

*Assistant Public Defender John A. Decker, for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the denial of his motion to suppress the evidence obtained pursuant to the search. This assignment is without merit.

Defendant concedes that the search warrant was valid but he argues that the manner of service of the warrant resulted in an unreasonable search, thereby rendering any evidence obtained in the search inadmissible. G.S. 15A-249 provides:

> "The officer executing a search warrant must, before entering the premises, give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched. If it is unclear whether anyone is present at the premises to be searched, he must give the notice in a manner likely to be heard by anyone who is present."

Our Supreme Court has stated that even though the police officers have a valid search or arrest warrant, ordinarily they may not enter a private home unless they first give notice of their authority and purpose and make a demand for entry. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970). This requirement is for the protection of the officers as well as the protection of the occupants and their constitutional rights. *State v. Covington*, 273 N.C. 690, 161 S.E. 2d 140 (1968).

In the instant case, the officers had just observed a man hurriedly leaving the premises. They hastened to the door and noticed that it was slightly open. Officer Mills testified that he stuck his head to the screen door, identified himself, stated that he had a search warrant and then went inside. Defendant argues that Mills' statement that his notice and entry into the premises were "spontaneous" indicates that they occurred simultaneously. Therefore, he contends that the notice was insufficient to meet the requirements of the statute. We disagree.

State v. Gaines

The amount of time required to be given between notice and entry must depend on the particular circumstances. The evidence in this case indicates that the officer properly stated his identity before entering the premises. No one objected to his entry and it was not necessary to break open anything blocking entry. Under the circumstances, we think the notice was sufficient and the search was appropriate.

Moreover, the findings of fact made by a trial judge at the end of a voir dire hearing are conclusive if supported by competent evidence. *State v. Turnbull,* 16 N.C. App. 542, 192 S.E. 2d 689 (1972). Here, the findings of fact are supported by competent evidence and they support the conclusion that the notice of identity and purpose were sufficient. The motion to suppress was properly denied.

[2] Defendant next assigns as error the failure of the court to grant his motion for a mistrial. This assignment is without merit.

Agnes Carter testified that she saw three silver packets in the bed beside defendant and then told him to get rid of them. The district attorney then asked her why she told him to get rid of them, whereupon she answered, "Well, because I knew he had a record." Defendant's objection and motion to strike were sustained. Defendant then moved for a mistrial and the jury retired from the courtroom. The trial judge allowed the motion to strike but denied the motion for a mistrial. The jury returned and the trial judge properly instructed the jury to erase the remark from their memories and not to consider it in any manner whatsoever. Defendant contends that the remark was highly prejudicial in that it impeached his character when he had not taken the stand and that any limiting instruction could not cure the harm done.

The question whether to grant a mistrial ordinarily rests in the discretion of the trial court and will not be set aside absent an abuse of discretion. 3 Strong, N. C. Index 2d, Criminal Law § 128. In this case, we fail to perceive any abuse of discretion.

In *State v. Robbins,* 287 N.C. 483, 214 S.E. 2d 756 (1975), an investigating officer testified that he had obtained the address of defendant by use of defendant's "arrest record." An objection was sustained but a motion for mistrial was denied.

The Supreme Court found no error in the denial of the mistrial and stated:

> "Captain Jackson's inadvertent reference to defendant's arrest record was incompetent. We hold, however, that the action of the court in sustaining defendant's objection and prompt instruction to the jury to disregard the statement sufficed to remove any possibility of prejudice to defendant. '[O]ur system for the administration of justice through trial by jury is based upon the assumption that the trial jurors are men of character and of sufficient intelligence to fully understand and comply with the instructions of the court, and are presumed to have done so." *Supra* at 488, 214 S.E. 2d at 760.

*See also State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721 (1974), and *State v. McKethan,* 269 N.C. 81, 152 S.E. 2d 341 (1967), for similar results. The trial judge acted properly in instructing the jury not to consider the statement, and we feel that the occurrence was not sufficient to require a mistrial.

We hold that defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and MARTIN concur.