STATE OF NORTH CAROLINA v. HORACE SUMPTER

No. COA01-1101

(Filed 21 May 2002)

**Search and Seizure— entry into residence—simultaneous announcement of identity and purpose**

The trial court did not err in a narcotics prosecution by denying defendant's motion to suppress evidence seized in a search of his residence where an officer announced his identity and purpose as he entered an unlocked door. The officer violated the literal requirements of N.C.G.S. § 15A-249 by not announcing his identity and purpose prior to opening the door and entering the residence, but the violation was not substantial.

Appeal by defendant from judgments entered 11 January 2001 by Judge Carl L. Tilghman in Beaufort County Superior Court. Heard in the Court of Appeals 13 May 2002.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Edwin M. Hardy, for defendant-appellant.*

HUNTER, Judge.

Horace Sumpter ("defendant") was found guilty of possession of cocaine, possession of drug paraphernalia, and possession of marijuana. He was sentenced to an active term of forty-five days for possession of drug paraphernalia. The remaining convictions were consolidated and defendant was sentenced to a suspended term of six to eight months.

The sole issue on appeal is whether the court erred in denying defendant's motion to suppress because the officers executing a search warrant did not knock and announce their presence prior to entering defendant's residence. We find no error.

An officer executing a search warrant is statutorily required, prior to entering the premises, to

> give appropriate notice of his identity and purpose to the person to be searched, or the person in apparent control of the premises to be searched. If it is unclear whether anyone is present at the premises to be searched, he must give the notice in a manner likely to be heard by anyone who is present.

N.C. Gen. Stat. § 15A-249 (1999). Following a *voir dire* hearing, the court made findings of fact that show the following. Detective J. W. Davis of the Washington Police Department obtained a warrant on 7 June 2000 to search the premises at 601 East Fourth Street for the presence of controlled substances. In executing the search warrant, Detective Davis opened an unlocked exterior door to enter the residence. As he pushed the door open, he announced, in a voice sufficiently loud to be heard by all occupants of the residence, his identity and purpose "to wit[:] 'police officer, search warrant.' " Other officers following Detective Davis into the residence uttered the same words. Prior to entering the residence, Detective Davis had received information from informants and other officers that controlled substances were being bought and sold within the residence, sometimes in exchange for sexual acts. Detective Davis also had observed approximately ten persons, some he knew as drug dealers or users, come and go through the same unlocked door without knocking or being invited inside by an occupant.

The court concluded that the simultaneous announcement of identity and purpose upon the officers' entry into the residence sufficiently satisfied the requirement of N.C. Gen. Stat. § 15A-249 that officers executing a search warrant give notice of their identity and purpose prior to entering the premises. The court further concluded that even if proper notice prior to entry was not given, the violation did not constitute a substantial violation of statutory provisions. The court noted that the deviation was slight, that the entry was not the result of any deviousness or ruse on the part of the officers, and that no evidence was seized which would not have been discovered had the entry not been as described.

Defendant does not assign error to any of the findings of fact; therefore, the scope of our review is limited to determining whether the court's findings of fact support its conclusions of law. *State v. Cheek*, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999), *cert. denied*, 530 U.S. 1245, 147 L. Ed. 2d 965 (2000). Evidence must be suppressed if it is obtained as a result of a substantial violation of the Criminal Procedure Act. N.C. Gen. Stat. § 15A-974(2) (1999). Whether a violation is substantial is dependent upon the particular circumstances, including the importance of the interest violated, the extent of the violation from lawful conduct, the extent to which the violation was willful, and the extent to which exclusion of the evidence will deter future misconduct. *Id.*

By not announcing his identity and purpose prior to opening the door and entering the residence, Detective Davis violated the literal requirements of N.C. Gen. Stat. § 15A-249. We thus must examine the circumstances to determine whether this violation was substantial. " 'The knock and announce rule has three purposes: (1) to protect law enforcement officers and household occupants from potential violence; (2) to prevent the unnecessary destruction of private property; and (3) to protect people from unnecessary intrusion into their private activities.' " *State v. Harris*, 145 N.C. App. 570, 582, 551 S.E.2d 499, 506 (2001) (quoting *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)), *appeal dismissed and disc. review denied*, 355 N.C. 218, 560 S.E.2d 146 (2002). Detective Davis testified that, based on his training and experience, persons who use and sell crack cocaine usually carry weapons and that firearms and ammunition are often found during searches for drugs pursuant to search warrants. Detective Davis observed a number of persons enter through the door without knocking or receiving an invitation from an occupant to enter. The door was unlocked at the time the officers entered.

The amount of time required between the giving of notice and entering the premises is dependent upon the circumstances of each case. *State v. Gaines*, 33 N.C. App. 66, 69, 234 S.E.2d 42, 44 (1977). In *Gaines* we upheld entry onto premises immediately after the officer announced his presence and identity, noting that no one objected to the officer's entry, which was through an unlocked and open door. *Id.* Here, Detective Davis announced his presence and purpose simultaneously with the opening of the door and entry into the dwelling. As in *Gaines*, no occupant in the present case objected to the officers' entry through the unlocked door.

We also have not found a substantial violation when the immediate entry is effected to prevent destruction of the contraband sought when the contraband is easily destructible. *See, e.g., State v. Edwards*, 70 N.C. App. 317, 320, 319 S.E.2d 613, 615 (1984), *rev'd on other grounds*, 315 N.C. 304, 337 S.E.2d 508 (1985); *State v. Willis*, 58 N.C. App. 617, 623, 294 S.E.2d 330, 333 (1982), *aff'd per curiam*, 307 N.C. 461, 298 S.E.2d 388 (1983). Detective Davis testified that drugs such as crack cocaine, the object of the search, may be destroyed within a matter of seconds by flushing them down the toilet.

For these reasons, we hold the trial court properly concluded that the violation was not substantial and that the court properly denied the motion to suppress.

No error.

Judges MARTIN and BRYANT concur.