STATE OF NORTH CAROLINA v. THOMASINA DENISE REID

No. COA01-985

(Filed 16 July 2002)

### 1. Search and Seizure— probable cause for warrant—controlled buy—sufficiency of affidavit

An officer's affidavit was sufficient to establish probable cause for the issuance of a warrant to search an apartment leased by defendant for narcotics based upon a controlled buy of cocaine at the apartment by a confidential informant, although the affidavit did not indicate the identity of the specific person from whom the informant had purchased cocaine, where the affidavit stated that (1) the informant purchased cocaine from someone at the apartment within the previous six days, (2) the informant had told officers that a white female with the same first name as defendant and a black male were in the business of selling cocaine from the apartment, and (3) the informant had witnessed the white female and the black male in possession of cocaine within the previous six days.

### 2. Search and Seizure— search warrant—knock and announce—forcible entry—delay of six to eight seconds

A delay of only six to eight seconds between the time officers knocked on the door of defendant's apartment and announced "Sheriff's Office, search warrant" and their forcible entry into the apartment by breaking down the door with a battering ram did not violate defendant's statutory or constitutional rights so as to render inadmissible cocaine discovered in a search of the apartment where the officers were executing a warrant to search for narcotics which could have been easily disposed of by persons in the apartment.

### 3. Drugs— trafficking by possession of cocaine—instruction on lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine

The trial court did not err in a trafficking by possession of cocaine case by denying defendant's request to instruct the jury on the lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine even though defendant contends the cocaine was not fully dry when weighed after its submersion in the toilet, because it is well-established that the

total quantity of the mixture containing cocaine is the relevant weight to be used in determining a violation of N.C.G.S. § 90-95(h)(3) rather than the actual weight of the cocaine portion of the mixture.

**4. Drugs— trafficking by possession of cocaine—jury instruction on acting in concert**

The trial court did not err in a trafficking by possession of cocaine case by instructing the jury on the theory of acting in concert, because: (1) a defendant acts in concert in committing the offense of trafficking where the evidence establishes that defendant was present while a trafficking offense occurred and that defendant acted in concert with others to commit the offense pursuant to a common plan or purpose; and (2) the evidence was sufficient to warrant an instruction on the doctrine of acting in concert, and the instruction itself correctly stated the law.

Appeal by defendant from judgment entered 18 January 2001 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 22 May 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph Ellis Herrin, for the State.*

*White and Crumpler, by F. Kevin Mauney, for defendant-appellant.*

HUNTER, Judge.

Thomasina Denise Reid ("defendant") appeals from a judgment entered against her on the charge of trafficking by possession of cocaine. Defendant argues that the trial court erred in denying her motion to suppress, and that the trial court erred in its jury instructions. We affirm the denial of the motion to suppress and find no error at trial.

The evidence tended to show that on 20 March 2000, at approximately 9:00 or 9:30 p.m., approximately six to eight police officers executed a search warrant and forcibly entered an apartment leased by defendant at 4338 Grove Avenue, Apartment F, in Winston-Salem, North Carolina. The police officers used a battering ram to break down the door. Approximately three or four individuals were found on the ground floor, and these individuals were detained. The officers also found a black male on the stairs coming down from the second floor. The officers also discovered defendant on the second floor

STATE v. REID

[151 N.C. App. 420 (2002)]

leaving a bedroom with a wet sleeve. The officers subsequently discovered an unsealed plastic bag in a toilet on the second floor that was recycling after having been recently flushed, as well as drops of water from the bathroom to the bedroom from which defendant had exited. The bag contained a powder substance that had become wet, and which was later determined to be cocaine. The police officers also seized from the bedroom additional items such as digital scales, a pack of rolling paper, and additional plastic bags and a five dollar bill with cocaine residue.

Defendant was charged pursuant to N.C. Gen. Stat. § 90-95 (2001) with one count of trafficking by possession of cocaine, and one count of trafficking by transportation of cocaine. Defendant moved to suppress the evidence obtained during the execution of the search warrant, which motion was denied. At trial, the court granted defendant's motion to dismiss the trafficking by transportation charge at the conclusion of the State's evidence. Upon a jury verdict of guilty for trafficking by possession of more than twenty-eight but less than 200 grams of cocaine, the trial court entered judgment and sentenced defendant to a prison term of thirty-five to forty-two months and fined defendant $50,000.00. Defendant appeals.

On appeal, defendant argues: (1) the trial court erred in denying her motion to suppress the evidence obtained during the execution of the search warrant; (2) the trial court erred in denying her request to instruct the jury on the lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine; and (3) the trial court erred in instructing the jury on the theory of " 'acting in concert.' "

I.

Defendant argues that the trial court erred in denying her motion to suppress the evidence. Where a trial court conducts a hearing upon a motion to suppress made prior to trial, the trial court must make findings of fact. *See* N.C. Gen. Stat. § 15A-977(d) (2001). In reviewing the denial of a motion to suppress, we are limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the findings of fact in turn support legally correct conclusions of law. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).

Here, defendant presents two arguments in support of her contention that the trial court erred in denying her motion to suppress. We address each in turn.

STATE v. REID

[151 N.C. App. 420 (2002)]

## A.

[1] Defendant first argues that the trial court erred in denying the motion to suppress because there was insufficient evidence to constitute probable cause to justify the issuance of a search warrant. The search warrant for the apartment in question was issued upon an affidavit submitted by Officer Joe Adkins, Jr. of the Forsyth County Sheriff's Office, which affidavit stated, in pertinent part:

> Members of the Forsyth County Sheriff's Narcotics Unit received information from a confidential reliable source (herein identified as CI regardless of sex) who stated that a white female named "Thomasina" and an Unknown Black Male are in the business of selling Cocaine from the residence located at 4338, apartment #F, Winston-Salem, North Carolina. The CI stated that he/she has observed "Thomasina" and the Unknown Black Male[] in possession of Cocaine within the past six (6) days.
>
> . . .
>
> [The CI made] a "controlled buy" . . . from the residence of 4338-F Grove Avenue, Winston-Salem, North Carolina; within the past six (6) days. . . . The CI . . . went to the location given while under the direct supervision and surveillance of the member of the . . . Narcotics Unit, purchased the controlled substance and returned directly to the member with the controlled substances and/or money. . . .
>
> In each "controlled buy" the controlled substance tested positive for . . . Cocaine.

Defendant argues that the information provided by Officer Adkins was insufficient because it did not indicate the identity of the specific person from whom "CI" had purchased cocaine, or whether such individual was likely to be present in the premises six days after the purchase.

> The standard for a court reviewing the issuance of a search warrant is "whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant."
>
> . . .
>
> Whether an applicant has submitted sufficient evidence to establish probable cause to issue a search warrant is a "nontech-

nical, common-sense judgment[] of laymen applying a standard less demanding than those used in more formal legal proceedings." "The affidavit [in support of an application for a search warrant] is sufficient if it supplies reasonable cause to believe that the proposed search for evidence probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender."

. . .

Moreover, great deference is to be paid the magistrate's determination of probable cause, and reviewing courts "should not conduct a *de novo* review of the evidence to determine whether probable cause existed at the time the warrant was issued."

*State v. Ledbetter*, 120 N.C. App. 117, 121-22, 461 S.E.2d 341, 343-44 (1995) (citations omitted).

Here, the affidavit states: (1) that "CI" purchased cocaine from someone at the specific apartment in question within the previous six days; (2) that, according to "CI," a white female named " 'Thomasina' " and a black male were in the business of selling cocaine from the apartment in question; and (3) that "CI" had witnessed " 'Thomasina' " and the black male in possession of cocaine within the previous six days. Although defendant is correct that the affidavit does not specify the person from whom "CI" purchased the cocaine during the " 'controlled buy,' " defendant has failed to set forth any authority to support the proposition that such a deficiency is material under these circumstances. We hold that the information in the affidavit was sufficient to establish probable cause and to support the issuance of the search warrant for the apartment in question. *See* N.C. Gen. Stat. § 15A-244(2) (2001) (the substantive core of an application for a search warrant is "[a] statement that there is probable cause to believe that items subject to seizure . . . may be found in or upon a designated or described place, vehicle, or person"); *State v. Smith*, 124 N.C. App. 565, 570, 478 S.E.2d 237, 241 (1996) ("[t]he judicial official's decision pivots on whether the affidavits submitted to her supply probable cause that the illegal item[s] or evidence sought will be at the premises described when the search warrant is executed" (emphasis omitted)). Thus, the trial court did not err in denying the motion to suppress on this basis.

B.

[2] Defendant also argues that the cocaine was obtained as the result of an illegal and unconstitutional forced entry, and that the trial court therefore should have suppressed the evidence pursuant to N.C. Gen. Stat. § 15A-974 (2001). We disagree.

At the hearing on defendant's motion to suppress, Officer Adkins testified that at approximately 9:00 p.m. on 20 March 2000, after obtaining a search warrant for the apartment in question, police officers including Officer Adkins proceeded to the front door of the apartment, knocked three times and announced " 'Sheriff's Office, search warrant,' " then again knocked three times and made the same announcement. After waiting six to eight seconds, the police officers forcibly entered the apartment by breaking down the door with a battering ram. Based on Officer Adkins' testimony, the trial court found that "the officer had reason to believe that entry was being unreasonably denied or that no one was home or that evidence was being destroyed." The trial court did not make any findings as to the duration of time between the officers' announcement of their identity and purpose, and the forced entry into the apartment. The trial court concluded that the police officers had complied with the applicable statutes and that defendant's constitutional rights had not been violated, and, therefore, denied the motion to suppress.

The common law " 'knock and announce' " principle has been codified at N.C. Gen. Stat. §§ 15A-251 and 15A-401(e)(1) and (2) (2001). *State v. Knight*, 340 N.C. 531, 542-43, 459 S.E.2d 481, 488-89 (1995). N.C. Gen. Stat. § 15A-249 (2001) requires an officer executing a search warrant, before entering the premises, to "give appropriate notice of his identity and purpose," and "[i]f it is unclear whether anyone is present at the premises to be searched, he must give the notice in a manner likely to be heard by anyone who is present." N.C. Gen. Stat. § 15A-249. N.C. Gen. Stat. § 15A-251 further authorizes an officer who has given the notice required by N.C. Gen. Stat. § 15A-249, and who "reasonably believes" either (1) that "admittance is being denied or unreasonably delayed" or (2) "that the premises . . . is unoccupied," to break and enter the premises involved when necessary to execute the warrant. N.C. Gen. Stat. § 15A-251(1).

Defendant argues that the police officers failed to comply with N.C. Gen. Stat. § 15A-251(1), and violated her Fourth Amendment rights, because, after giving proper notice under N.C. Gen. Stat. § 15A-249, the officers waited only six to eight sec-

onds before beginning to break down the door with a battering ram. Defendant contends that six to eight seconds was insufficient to allow the officers to reasonably conclude either (1) that "admittance [was] being denied or unreasonably delayed" or (2) "that the premises . . . [was] unoccupied." N.C. Gen. Stat. § 15A-251(1).

This Court has repeatedly stated that "[w]hat is a reasonable time between notice and entry depends on the particular circumstances in each case." *State v. Edwards*, 70 N.C. App. 317, 320, 319 S.E.2d 613, 615 (1984) (citing *State v. Gaines*, 33 N.C. App. 66, 234 S.E.2d 42 (1977)), *reversed on other grounds*, 315 N.C. 304, 337 S.E.2d 508 (1985). Specifically, where "exigent circumstances" exist at the time of the execution of a search warrant, a brief delay between notice and forced entry is more likely to be considered reasonable. *See Knight*, 340 N.C. at 543, 459 S.E.2d at 489.

North Carolina case law appears to adhere to the general rule that exigent circumstances may be found to exist where police are executing a search warrant for narcotics which may be easily disposed of prior to being discovered. *See State v. Sumpter*, 150 N.C. App. 431, 434, 563 S.E.2d 60, 62 (2002); *Edwards*, 70 N.C. App. at 320, 319 S.E.2d at 615 (relying upon fact that object of search was quantity of powdery contraband "peculiarly susceptible to being almost instantly disposed of"); *State v. Willis*, 58 N.C. App. 617, 622-23, 294 S.E.2d 330, 333 (1982) (officers feared that persons inside house might destroy contraband), *per curiam affirmed*, 307 N.C. 461, 298 S.E.2d 388 (1983); *but see Richards v. Wisconsin*, 520 U.S. 385, 391-94, 137 L. Ed. 2d 615, 622-24 (1997). Here, Officer Adkins testified that it is always possible that persons inside the premises to be searched may attempt to dispose of the narcotics.

Based upon the fact that the police officers were executing a warrant to search for narcotics which are easily disposed of, we hold that the delay of six to eight seconds did not violate defendant's statutory and constitutional rights. *See Sumpter*, 150 N.C. App. at 434, 563 S.E.2d at 62 (no substantial violation where officer announced his presence and purpose simultaneously with entering through an unlocked door and where entry was effected to prevent destruction of easily destructible contraband); *Gaines*, 33 N.C. App. at 68-69, 234 S.E.2d at 44 (no substantial violation where door was open, officers announced presence and purpose simultaneously with entry, and there was no objection to the entry). We therefore affirm the trial court's denial of defendant's motion to suppress.

## II.

**[3]** Defendant also argues that the trial court erred in denying her request for a jury instruction on the lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine. Four items were seized from the apartment containing a total of thirty-three and a half grams of cocaine or cocaine residue, including Exhibit Four, a bag weighing thirty and one half grams. The evidence indicated that Exhibit Four was discovered submerged by water in a toilet, and that the bag and the cocaine therein were wet when seized. At trial, no evidence was presented as to whether the weight of Exhibit Four included water weight. Defendant argues that the trial court should have instructed the jury on the lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine because the jury could have concluded that the cocaine in Exhibit Four was not fully dry when weighed and that, absent the water weight resulting from submersion in the toilet, it would have weighed less than twenty-five grams (in which case the total weight of the cocaine seized would have been less than twenty-eight grams). We disagree.

A judge is required to charge the jury on a lesser included offense "[o]nly when there is evidence of a lesser-included offense." *State v. Willis*, 61 N.C. App. 23, 38, 300 S.E.2d 420, 429 (1983). Pursuant to N.C. Gen. Stat. § 90-95(h) (2001):

> (3) Any person who . . . possesses 28 grams or more of cocaine and any salt, isomer, salts of isomers, compound, derivative, or preparation thereof, . . . or any mixture containing such substances, shall be guilty of a felony, which felony shall be known as "trafficking in cocaine" *and if the quantity of such substance or mixture* involved:
>
> a. Is 28 grams or more, but less than 200 grams, such person shall be punished as a Class G felon and shall be sentenced to a minimum term of 35 months and a maximum term of 42 months in the State's prison and shall be fined not less than fifty thousand dollars ($50,000).

N.C. Gen. Stat. § 90-95(h)(3)(a) (emphasis added). It is well established that the total quantity of the *mixture* containing cocaine is the relevant weight to be used in determining a violation under N.C. Gen. Stat. § 90-95(h)(3). *See, e.g., State v. Broome,* 136 N.C. App. 82, 85, 523 S.E.2d 448, 451 (1999) (defendant properly convicted of trafficking by

possession of 200-400 grams of cocaine in violation of N.C. Gen. Stat. § 90-95(h)(3) based upon seized package of cocaine mixture weighing 273 grams and containing only 27 grams of pure cocaine), *appeal dismissed and disc. review denied*, 351 N.C. 362, 543 S.E.2d 136 (2000); *State v. Tyndall*, 55 N.C. App. 57, 61, 284 S.E.2d 575, 577 (1981). The reason that the total weight of the mixture, rather than only the actual weight of the cocaine portion of the mixture, is used in determining a violation is because

> [o]ur legislature has determined that certain amounts of controlled substances and certain amounts of mixtures containing controlled substances indicate an intent to distribute on a large scale. Large scale distribution increases the number of people potentially harmed by use of drugs.

*Tyndall*, 55 N.C. App. at 60-61, 284 S.E.2d at 577.

Here, the undisputed evidence indicated that the total weight of the mixture contained in Exhibit Four was thirty and one half grams. Thus, there was no evidence of the lesser included offense of trafficking by possession of less than twenty-eight grams of cocaine, and the trial court did not err in denying defendant's request for an instruction on this lesser included offense. *See State v. Agubata*, 94 N.C. App. 710, 711, 381 S.E.2d 191, 192 (1989) (no error in not charging jury on lesser included offense where defendant convicted for possession of fourteen to twenty-eight grams of heroin pursuant to N.C. Gen. Stat. § 90-95(h)(4) and only evidence showed defendant possessed several "mixtures" containing heroin and other substances weighing more than twenty-two grams altogether); *Willis*, 61 N.C. App. at 38, 300 S.E.2d at 429.

### III.

**[4]** Lastly, defendant argues that the trial court erred in instructing the jury on the doctrine of " 'acting in concert' " because such a theory is generally improper where the charge involves possession of narcotics. We disagree.

The "knowing possession" element of the offense of trafficking by possession may be established by a showing that (1) the defendant had actual possession, (2) the defendant had constructive possession, or (3) the defendant acted in concert with another to commit the crime. *State v. Garcia*, 111 N.C. App. 636, 639-40, 433 S.E.2d 187, 189 (1993). A person has actual possession of a substance if it is on his

**STATE v. REID**

[151 N.C. App. 420 (2002)]

person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use. *State v. Crawford*, 104 N.C. App. 591, 600, 410 S.E.2d 499, 504 (1991). " 'Under the theory of constructive possession, a person may be charged with possession of . . . narcotics when he has both the power and intent to control its disposition or use even though he does not have actual possession.' " *Garcia*, 111 N.C. App. at 640, 433 S.E.2d at 189 (citation omitted).

As to the third theory, "[a] defendant acts in concert with another to commit a crime when he acts 'in harmony or in conjunction . . . with another pursuant to a common criminal plan or purpose.' " *State v. Diaz*, 317 N.C. 545, 547, 346 S.E.2d 488, 490 (1986) (citation omitted). Thus, a defendant acts in concert in committing the offense of trafficking where the evidence establishes that the defendant was present while a trafficking offense occurred and that the defendant acted in concert with others to commit the offense pursuant to a common plan or purpose. *Id.* at 552, 346 S.E.2d at 493 (clarifying that the reason the "acting in concert" doctrine was inapplicable in *State v. Baize*, 71 N.C. App. 521, 529, 323 S.E.2d 36, 41 (1984), is because, in *Baize*, "the drugs in question were in the possession and under the control of a person other than [the defendant], and [the defendant] was not present when the drugs were seized").

Where an instruction correctly states the law and is supported by the evidence, it is properly given. *State v. Ball*, 324 N.C. 233, 377 S.E.2d 70 (1989). Here, the evidence was sufficient to warrant an instruction on the doctrine of acting in concert, and the instruction itself correctly stated the law. Thus, we hold the trial court did not err in giving the instruction.

No error.

Judges WYNN and THOMAS concur.