STATE OF NORTH CAROLINA
v.
NAPOLEAN JUNIOR RANKINS
No. COA08-841
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Scott A. Conklin, for the State.
Daniel F. Read for Defendant-Appellant.
McGEE, Judge.
Napolean Junior Rankins (Defendant) appeals from judgment entered consistent with a jury verdict finding him guilty of possession of cocaine. For the following reasons, we find no error.
The State's evidence tended to show that on 14 November 2007, Officer Jay Atkins and Officer M.A. Overman of the City of Greensboro Police Department were on bike patrol in a Greensboro Housing Authority property, the Smith Homes community (the community). While patrolling in the community, the officers saw Defendant sitting on a porch. Officer Atkins had had previous contacts with Defendant and knew that Defendant had been banned from the community. Officer Atkins approached Defendant to informhim that he was not supposed to be in the community. Officer Atkins noticed that Defendant was avoiding eye contact with him and that Defendant was shaking. Officer Atkins asked Defendant if he had anything illegal. Defendant paused, answered "No" and put his hands in his pocket. Officer Atkins then asked Defendant if he could search him. Defendant became argumentative and Officer Atkins arrested Defendant for second-degree trespassing.
Officer Atkins conducted a search incident to the arrest and found an "off white, rock-like substance" in Defendant's hand. After securing Defendant, Officer Atkins field-tested the substance, which showed a "positive reaction for cocaine." Officer Atkins secured the substance in an evidence process bag, turned in the substance to the evidence locker at the Elm-Eugene substation and requested an analysis on the substance by the State Bureau of Investigation (SBI). Jennifer Lindley (Lindley), a drug chemist with the SBI, received the substance in a sealed bag with an identification number. As a result of her testing, Lindley determined the substance was "cocaine base." Lindley repackaged the substance, returned it to the SBI's evidence control unit to be returned to the submitting agency.
A jury found Defendant guilty of possession of cocaine. The trial court sentenced Defendant to seven to nine months in prison. Defendant appeals.
Defendant contends the trial court erred by allowing Officer Atkins to identify State's Exhibit 1 as the cocaine he seized from Defendant and by admitting the cocaine into evidence. Defendant argues the State failed to establish a sufficient chain of custody. Defendant did not object to the testimony of Officer Atkins nor to the admission of the exhibit, and therefore, asks this Court to review for plain error. The North Carolina Supreme Court has chosen to review such "unpreserved issues for plain error when . . . the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence." State v. Cummings, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997) (citation omitted). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted).
It is well settled that a two-pronged test must be met before physical evidence may be admitted: (1) the evidence offered must be identified as the same object in question, and (2) it must be established that the evidence has not undergone a material change. State v. Zuniga, 320 N.C. 233, 255, 357 S.E.2d 898, 912 (citation omitted). The trial court has sound discretion to determine the standard of certainty required to show that the evidence offered is the same evidence as involved in the incident and that the evidence has not been materially changed. Id. "A detailed chain of custody need be established only when the evidence offered is not readily identifiable or is susceptible to alteration and there is reason to believe that it may have been altered." Id. at 255, 357 S.E.2d at 912-13.
In the case before us, Officer Atkins testified that "[w]hen [D]efendant opened his hand in his right-hand pocket, I observed a off-white, rock-like substance"; Officer Atkins "collected the off-white, rock-like substance and secured it in a plastic bag"; the substance "showed a positive reaction for cocaine"; Officer Atkins "turned the evidence in to our locker"; and he requested an SBI "complete analysis on the substance [he] had [taken] from [Defendant]." Afterwards, the following colloquy occurred:
Q. I'm going to show you what has been marked as State's Exhibit Number 1. What is that?
A. This here is ourour evidence process bag for  particularly for narcotics.
Q. Okay. And what is in that bag?
A. This bag would be the off-white, rock-like substance that was taken from [Defendant] and secured in this evidence bag.
Q. And where did you find that piece of rock-like  white rock  white, rock-like substance?
A. In [Defendant's] right hand.
Lindley, who was tendered as an expert in forensic chemistry without objection, identified State's Exhibit 1 as the evidence she received from the Raleigh crime lab on 29 November 2007. She testified that she opened the sealed bag to perform analysis on the substance; that she tested the substance; that she placed the substance "back in the same bag that it was submitted in. [She] placed [her] seal across the top where [she] had opened it. It was sealed and initialed and returned to [the SBI] evidence control unit to be returned to the submitting agency." Lindley further testified that the State's Exhibit 1 had a weight of 0.1 grams and that it was cocaine base.
We conclude the State presented sufficient evidence to show that the State's Exhibit 1 is the same cocaine as the cocaine involved in the incident when Defendant was arrested. Officer Atkins testified that he placed the seized evidence in a plastic bag, which he sealed. In addition, Lindley testified that the evidence was sealed when she received it and that she sealed and initialed the evidence for its return. There is no evidence suggesting the seal on the plastic bag was tampered with before it reached Lindley. Furthermore, if there are weak links in the chain of custody, these links relate to the weight of the evidence, not its admissibility. Zuniga, 320 N.C. at 255, 357 S.E.2d at 913. Accordingly, this assignment of error is overruled.
Defendant also contends the trial court erred by denying his motion to dismiss. Our standard of review on a motion to dismiss for insufficiency of the evidence is "'whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002) (citation omitted). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994) (citation omitted). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998).
Possession of a controlled substance may be actual or constructive. State v. McLaurin, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002) (citation omitted).
Relying on his chain of custody argument, Defendant asserts that the State failed to present substantial evidence that the State's Exhibit 1, the cocaine, was indeed the same object Officer Atkins seized from Defendant. As discussed above, Defendant's chain of custody argument fails. Further, the State presented the following substantial evidence to show Defendant actually possessed the cocaine: (1) Officer Atkins searched Defendant incident to Defendant's arrest for second-degree trespass; (2) Officer Atkins found an off-white, rock-like substance in Defendant's right hand; (3) Officer Atkins' field test on the substance showed a positive reaction for cocaine; and (4) an SBI lab test determined that the substance seized from Defendant was cocaine base. When viewed in the light most favorable to the State, we conclude the State presented substantial evidence from which the jury could find beyond a reasonable doubt that Defendant possessed cocaine. Accordingly, the trial court properly denied Defendant's motion to dismiss.
No error.
Judges HUNTER and JACKSON concur.
Report per Rule 30(e).