STATE OF NORTH CAROLINA
v.
WILGA ANN KNOTTS
No. COA08-1559
Court of Appeals of North Carolina
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.
D. Tucker Charns for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon a jury verdict finding her guilty of felony possession of cocaine, and her guilty plea to attaining habitual felon status. We find no error.
The State's evidence tended to show that the Charlotte-Mecklenburg Police Department had received information from apartment management of possible drug sales, prostitution, and large crowds at a particular apartment on Dove Tree Lane. On the afternoon of 20 October 2006, Officers T. Price, C.N. Gunter and two other officers went to the apartment for a "knock and talk" to make voluntary contact with the occupants of the residence. Officer Gunter made the initial contact at the front of the apartment and the person on the apartment lease gave the officers consent to enter the apartment. Upon entering the apartment, police observed several people, including defendant. The police asked everyone to stand up and informed them that the officers would be performing a "pat down" for weapons. Officer Price told defendant that she was going to frisk her for weapons. Defendant was sitting in a chair with a purse leaning against it. As defendant stood up, she tucked the purse to the side. Officer Gunter asked defendant if the purse belonged to her and she stated that it did. Officer Gunter then asked defendant if he could search the purse. Defendant gave him consent to do so.
During the pat down of defendant, Officer Price felt a large bulk in defendant's right front pocket. Officer Price asked defendant what was in her pocket. Defendant said it was a cell phone. Defendant gave Officer Price consent "to check her pockets because she had nothing on her." Officer Price found the cell phone and, in the small inner pocket of defendant's jeans, Officer Price found what appeared to be an unwrapped crack cocaine rock. When she asked defendant what it was, defendant responded that it was a ramen noodle. Officer Gunter's search of defendant's purse revealed a "push rod," which is an item used "to push the used material out of [a] crack pipe." The substance seized by Officer Price from defendant's little pocket was later determined to be cocaine. Defendant moved to dismiss at the close of the State's evidence. The trial court denied the motion.
Defendant's niece testified for the defense. Defendant's niece testified that she was living with defendant at the time of defendant's arrest. Defendant's niece further testified that she had asked defendant to pick her up from the Dove Tree Lane apartment; that she left the apartment before defendant arrived; that the jeans defendant was wearing at the time of defendant's arrest belonged to her; and that the cocaine in the jeans pocket belonged to her.
Defendant testified that she was cooking ramen noodles at home by herself when her niece called crying and in need of help. Defendant testified that she thought she had to hurry to the apartment because her niece's boyfriend would hurt her niece, so defendant grabbed the first piece of clothing she could find, which was her niece's jeans on the sofa. Defendant testified that she and her niece wore each other's clothes, as they were the same size. Defendant also testified that once she arrived at the apartment and learned that her niece had already left, she put her purse down on the floor, and argued with her niece's boyfriend. Defendant further testified that she did not know there was any cocaine in the jeans. At the close of all the evidence, defendant again moved to dismiss. The trial court denied the motion.
A jury found defendant guilty of possession of cocaine. Defendant subsequently pled guilty to attaining habitual felon status. The trial court sentenced defendant to 136 to 173 months imprisonment. Defendant appeals.
In her sole argument on appeal, defendant contends the trial court erred by denying her motion to dismiss based on insufficiency of the evidence. Defendant argues that the State failed to prove that she knowingly possessed the cocaine in the pocket of the jeans.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).
Possession of a controlled substance may be actual or constructive. State v. McLaurin, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002).
Here, the State presented evidence that police went to an apartment after complaints of possible drug sales and prostitution;defendant was one of several people in the apartment when the police initiated a "knock and talk"; that upon the search of defendant, police found an unwrapped crack cocaine rock in the little inner pocket of her jeans; that police searched defendant's purse and found drug paraphernalia . Viewing the evidence in the light most favorable to the State and giving it the benefit of all inferences raised, we conclude the State presented sufficient evidence for the jury to infer defendant actually possessed the cocaine found on her person. Accordingly, we find no error.
No error.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).