**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4273**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL GRAYLEN WHEELER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:04-cr-00066-RLV-CH-1)

Submitted: March 20, 2017                    Decided: March 28, 2017

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM, Wilmington, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Michael Graylen Wheeler's term of supervised release after concluding that he had committed new crimes, associated with a convicted felon, possessed and used illegal drugs, and failed to participate in a mandatory drug treatment program. The district court sentenced Wheeler to 60 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in finding that the Government had adequately demonstrated that Wheeler trafficked cocaine. Wheeler has filed a pro se supplemental brief, arguing that the sentence imposed is unreasonable. We affirm.

With respect to counsel's arguments, the district court need only find a supervised release violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); *see United States v. Padgett*, 788 F.3d 370, 374 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015). "We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." *Padgett*, 788 F.3d at 373. However, "we review a district court's factual findings underlying a revocation for clear error." *Id.*; *see Glossip v. Gross*, 135 S. Ct. 2726, 2786 (2015) (defining clear error).

The Government presented two witnesses, both of whom had several years of experience investigating narcotics and were trained in identifying cocaine, who testified that the substance Wheeler sold was cocaine. One of the officers conducted a field test on the substance, which revealed the presence of cocaine. Regardless of whether that test was as reliable as laboratory testing by a certified forensic chemist, the result supports the

2

opinions offered by the Government witnesses. We therefore conclude that the district court did not clearly err in finding the substance Wheeler sold was cocaine. We also conclude that the Government established by a preponderance of the evidence that Wheeler had committed new criminal conduct and that the court did not abuse its discretion in revoking Wheeler's supervised release.

Turning to Wheeler's pro se argument, "[w]e will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Id.* "In determining whether a revocation sentence is unreasonable, we strike a more deferential appellate posture than we do when reviewing original sentences." *Id.* (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." *Id.* (internal brackets and quotation marks omitted).

Here, the district court committed no procedural or substantive error. The Government presented evidence that the cocaine sold by Wheeler weighed 29 grams.[*] Sale of more than 28 grams, but less than 200 grams, of cocaine in North Carolina is a felony offense punishable by a minimum term of 35 months' imprisonment. N.C. Gen.

---

[*] Although Wheeler notes that, absent scientifically acceptable methods of testing the cocaine, it is impossible to determine the actual quantity of cocaine that was sold, the actual quantity is irrelevant under North Carolina law. *See State v. Reid*, 566 S.E.2d 186, 191 (N.C. Ct. App. 2002) ("It is well established that the total quantity of the *mixture* containing cocaine is the relevant weight to be used in determining a violation under [North Carolina drug laws]").

3

Stat. § 90-95(h)(3)(a) (2015). Such a crime constitutes a Grade A violation of supervised release. U.S. Sentencing Guidelines Manual § 7B1.1(a)(1), p.s. (2015). With a criminal history category of VI, the district court properly calculated Wheeler's policy statement range as 51 to 60 months' imprisonment. Furthermore, the district court adequately explained the chosen sentence. Wheeler has not rebutted the presumption of reasonableness afforded to the within-policy statement range sentence imposed by the district court. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Wheeler, in writing, of the right to petition the Supreme Court of the United States for further review. If Wheeler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wheeler.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*